The Iowa Lumber Company v. Cassidy & Brother, Appellant, Lichty & Thomas, Appellees.

**Mortgage:** RECORDING: *Notice.* A recorded chattel mortgage does not impart constructive notice where the only description is by reference to the names of the various items of machinery covered by the amount apportioned to each, without any statement as to the possession, ownership, or location, or other things to aid in its identification.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

MONDAY, FEBRUARY 6, 1899.

ACTION in equity to foreclose two chattel mortgages in favor of plaintiff. Lichty & Thomas, by cross bill, seek to foreclose a mortgage in their favor, which they claim is prior

and superior to the mortgage of plaintiff. Elizabeth Cassidy, by answer, makes claim of title to the property included in the foregoing mortgages, founding her right upon a purchase by her at a sale under foreclosure of a mortgage on said chattels made to one Joseph Kessler, which mortgage she claims was a first lien thereon. The district court found and adjudged that the mortgage of Lichty & Thomas was the first lien; the mortgage to plaintiff, the second; and that the rights of Elizabeth Cassidy were junior and inferior thereto. John Cassidy & Bro., John Cassidy, Joseph Kessler, J. J. Kost, Elizabeth Cassidy, and William J. Rittenmeyer appeal— *Affirmed.*

*Geo. B. Holbert* for appellants.

*Remley, Ney & Remley* and *Dutcher & Burton* for appellees.

WATERMAN, J.—The facts which give rise to this controversy are as follows: On May 25, 1896, John Cassidy executed and delivered to Joseph Kessler a chattel mortgage on the property in question. On June 26, 1896, said John Cassidy also executed and delivered a chattel mortgage on said property to Catherine A. Cassidy. September 25, 1896, the firm of John Cassidy & Bro., and John Cassidy and Joseph Cassidy, members of said firm, executed and delivered a chattel mortgage on the same property to Lichty & Thomas; and on October 1, 1896, the mortgage to plaintiff was given, covering the same property, and executed by the same firm and its individual members. Plaintiff became the owner, by assignment, of the Catherine A. Cassidy mortgage, on October 15, 1896, and the claim in this action is in part based thereon. This action was begun by plaintiff, December 5, 1896, Joseph Kessler being a party defendant. In November previous Kessler had taken possession under his mortgage, and in December, two days after the present action was commenced, at a foreclosure sale thereunder, the property in

controversy was bid in by Elizabeth Cassidy, wife of John
Cassidy. The trial court found that the mortgaged chattels
were, at the time of the execution of the various instruments
mentioned, the property of the firm of John Cassidy & Bro.
It is not disputed that John and Joseph Cassidy constituted
said firm, but it is insisted on the part of appellants that John
was sole owner of the property in dispute, and that the
co-partnership which was engaged in contracting and building
was interested only in the profits of the business. The evi-
dence is in conflict as to the ownership of the property. We
need only say that we think the district court was justified in
finding that the title was in the firm. We do not, however,
regard this question as of much importance, for the mortgages
to plaintiff and to Lichty & Thomas were executed by John
Cassidy as well as by the firm.

II. It will be observed that, in the order of time, the
mortgages stand as follows: (1) That to Kessler; (2) Cath-
erine Cassidy, eight hundred and fifty dollars (now owned
by plaintiff); (3) Lichty & Thomas; (4) the mortgage to
plaintiff, one thousand four hundred dollars. All of the
instruments were duly recorded. The description in the Kess-
ler mortgage is as follows: "One boiler and engine ($400),
extra engine ($19), sticker machine ($400), planer ($210),
mortiser ($130), tenon ($130), swing saw ($110), sticker
machine ($210), band saw ($90), rip saw ($40), gig saw
($35), stagers, pulleys, and hangers ($65), belting ($185),
knives and tools for machines ($80), shop ($225)." There
is no statement as to the possession, ownership, or location of
the property,—nothing further to aid in its identification
than what we have given. Such a description is insufficient to
impart constructive notice. *Bank v. Felt,* 99 Iowa, 532, and
cases cited.

III. But it is claimed by appellants that plaintiff and
Lichty & Thomas had actual notice of the Kessler mortgage
at the time their respective interests accrued. The testimony
is in conflict. The trial court must have found against appel-

lants on this proposition, and we are quite satisfied with its conclusion.· Lichty & Thomas were given by the district court a first lien for three hundred and fifty-five dollars and ninety-three cents, with interest, and the lien of the plaintiff, under the mortgage executed to it, for one thousand four hundred dollars, with interest, was given standing subject to the lien of Lichty & Thomas. The Kessler mortgage was expressly held inferior to both these liens. For the reasons given we think the decree correct, and it is AFFIRMED.