H. A. CHIPMAN v. GEORGE WEINY AND GREER MILLS & Co., Appellants.

**Conversion:** CONSTRUCTION OF MORTGAGE. In an action by a mortgagor's vendee for conversion by the mortgagee of 21 hogs, sold after mortgage given on 300 hogs on vendor's premises, "being all the hogs that I have," the jury was rightly instructed to find for the plaintiff if when the mortgage was given there were 300 hogs, in addition to such 21, on mortgagor's premises, to which the mortgage might apply, since the terms of the mortgage did not cover hogs on the premises in excess of 300.

**Appeal:** REVIEW OF CONFLICT OF FACT: *Findings.* Where the evidence conflicted as to whether there were 300 or 321 hogs on a certain farm at a certain time, a finding that there were more than 304 will not be reversed on appeal.

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

WEDNESDAY, JANUARY 16, 1901.

ACTION to recover $300 damages for the wrongful tak--
ing and converting of 20 brood sows, the property of the
plaintiff, by purchase from Alonzo Cox. Defendants an--
swered, claiming the hogs under a chattel mortgage from
Alonzo Cox to Greer, Mills & Co. Verdict and judgment.
for plaintiff for $242.16. Defendants appeal.—*Affirmed.*

*Mitchell & Sloan* for appellants.

*H. A. Chipman* for appellee.

GIVEN, C. J.—I. On the ninth day of December, 1897
Alonzo Cox executed to Greer, Mills & Co. a chattel mort-
gage on "the following cattle and hogs and chattels, to-wit."
Here follow several descriptions of cattle, and then,.
"200 hogs, average 120 pounds; 100 pigs, shoats,
average 75 lbs.; also 4,000 bushels of corn in crib ·
and shock;" and the description concludes as follows: "Be-
ing all of the feeding cattle three years old and hogs and .
chattels of that kind that I have. And it is hereby covenanted
and stated as a fact that all of said cattle and hogs and chat--
tels are owned by the party of the first part, and are free and
clear of all incumbrances of every kind and character; that.
said cattle and hogs and chattels are now in perfect health
and in good condition, and in undisputed possession of said
first party, on the premises of said party; being southwest
fourth of Sec. No. 21, in Tp. No. 68, range· No. 9, in Van
Buren county, state of Iowa." This mortgage was filed for ·
record December. 9, 1897. On December 20, 1897, Alonzo
Cox sold to the plaintiff "twenty brood sows and one boar,
now on the farm of James W. Lapsley, in Sec. 21, Tp. 68,
range 9," evidenced by a bill of sale. On December 28,
1897, defendant Weiny, as sheriff, by virtue of said chattel
mortgage, took possession of the 20 brood sows and other
property. On January 4, 1898, plaintiff served notice of
ownership of the brood sows on the sheriff; whereupon he ·

demanded and received an indemnifying bond from Greer, Mills & Co., and proceeded to sell the property under the mortgage. The chattel mortgage was executed and recorded 11 days prior to the purchase of the brood sows by the plaintiff, and the contention is whether the appellant's mortgage covers the 20 brood sows, and this question the court submitted to the jury, and instructed as follows: "In determining said question of identity, you should take into consideration the description of the hogs and pigs as contained in said mortgage (Exhibit 4); and you will also consider all the evidence in the case tending to show what property was by the parties to said mortgage intended to be included therein. You will inquire and determine whether or not the sows in question were on the farm of said Alonzo Cox at the time said mortgage was executed, and, if so, whether or not there were, in addition to said sows, other hogs belonging to said Cox to the number of 300, to which said mortgage might more reasonably be applied on said farm at said time. If you find the latter fact, then you should find for plaintiff. But if you find that the total number of hogs, including said sows in question, on said Alonzo Cox's place at said time, did not exceed the number included in said mortgage, then you would be justified in finding that said mortgage did include said sows, and your verdict should be for the defendant."

Appellants complain of this instruction. They insist that the words, "being all of the feeding cattle three years old and hogs and chattels of that kind I have," cover all the hogs Cox owned and had on the premises described, even though the number exceeded the 300. They do not insist that all would be covered if the excess was considerable over 300, but that if the excess is not more than might be accounted for by a mistake in counting all should be included. Appellants' counsel say: "The real question is, did appellants' mortgage cover the twenty-four brood sows?" To determine this, it must be ascertained whether it was so intended by the par-

ties to the mortgage. The description is of "200 hogs, average 120 pounds; 100 pigs, shoats, average 75 lbs.; * * * being all * * * that kind I have * * * in undisputed possession of said party, on the premises of said party," —describing the premises. No one can say from this description alone whether or not it was intended to include these sows. To determine this, it must be ascertained whether or not they were on the premises described at the time the mortgage was given, and, if so, whether they were required to make the number mentioned. These are inquiries which the mortgage indicates, and as to which, under the uniform rulings of this court, evidence is admissible. See notes to section 2906 of the Code, under "Sufficiency of Description." It was for the jury to determine whether the parties intended to include these sows in the mortgage, and it was for the court to say whether the description was sufficient to impart notice of such an intention to third persons.

Appellants contend that because of the words, "being all * * * hogs and chattels of that kind that I have," they are not limited to 300 hogs, and that if there had been a few more the mortgage would cover them. Those words are limited to all that he had on the premises described, and certainly would not include hogs had elsewhere. The mortgage is upon 200 hogs and 100 pigs, and there was no error in instructing the jury to inquire whether the sows were on the premises of Cox, and whether there were 300 hogs in addition to the sows on said farm to which the mortgage might apply. The question of intention was rightfully and properly submitted to the jury, and the instruction showed that the court held the description sufficient to include the sows, if that intention existed. Appellants, assuming this instruction to be erroneous, complained generally of all instructions, but we fail to discover any error in them.

II. At the request of the defendants, the court submitted the following special interrogatories, both of which

the jury answered in the affirmative: "(1) Do you find that there were more than 303 or 304 hogs owned by Alonzo Cox and in his possession on his farm on the southwest ¼ of Sec. 21, township 68, range 9, on the day the mortgage was given? (2) Do you find that the 20 sows in question in this case were in the possession of Alonzo Cox on his farm, the southwest ¼ of Sec. 21, township 68, range 9, and owned by him at the time the mortgage in question was given?" Appellants insist that the first special finding should have been set aside as being against the evidence. There was a conflict in the evidence as to the number of hogs on said premises on the day the mortgage was given, and we cannot say that the jury was not warranted in answering as it did.—AFFIRMED.