J. C. Church, Appellant, v. D. R. Brown, Appellee.

**CHATTEL MORTGAGES:** Description of Animals—Suggested Inquiries. A jury question on the issue of the sufficiency of description of animals covered by a chattel mortgage may be presented by a *very general description,* aided by a statement in the mortgage definitely locating the property *at a specified place.*

*Appeal from Woodbury District Court.*—W. G. Sears, Judge.

MAY 8, 1923.

ACTION at law, to recover damages for the alleged conversion of 441 head of cattle. At the conclusion of the evidence, the court directed a verdict for the defendant, and judgment was entered accordingly. Plaintiff appeals. The material facts are stated in the opinion.—*Reversed.*

*Edwin J. Stason* and *Henderson, Fribourg & Hatfield,* for appellant.

*Shull, Stillwill & Shull* and *Wicks & Quinn,* for appellee.

WEAVER, J.—The plaintiff is a dealer in live stock at Chicago, Illinois, and defendant, a cattle dealer in Bon Homme County, South Dakota. Under date of January 30, 1920, one Magunson made and delivered to the plaintiff a chattel mortgage, to secure payment of an indebtedness of $200,000. The mortgage purports to cover ''300 three-year old steers, short horns and white faces, average weight 1,200 pounds, mixed brands; 400 hogs, average weight 225 pounds, located in feed lot on my home farm, Section 10, Township 93, Range 61, Bon Homme County, South Dakota.'' The same instrument is made to cover other chattel property in another county of South Dakota; but, as we understand the record, the matter of these additional items is not involved in this controversy, the issue presented herein relating solely to the sufficiency of the mortgage upon the property first above mentioned. Further refer-

ring to the said property, the mortgage, among other things, provides as follows:

"Said cattle may have other marks or brands upon them than those mentioned above, but those given are the holding brands or marks, and carry the title to the property. The above enumeration and description is intended to cover and include all the cattle now owned by the grantor wherever found, and all cattle hereafter acquired by natural increase, additions, accretions or otherwise, by the grantor * * *. Said property is exclusively owned by and is in the possession of the grantor, is free of incumbrance and in perfect health; * * *. It is provided, however, that the property shall remain in the possession of the grantor and be fed by and at the grantor's expense, during the existence of this mortgage, subject to the conditions herein contained, but said property or any part thereof, shall not be removed from the place where now located * * *."

This mortgage was duly filed for record in Bon Homme County on February 3, 1920. The validity and good faith of the indebtedness sought to be secured by the instrument are in no manner challenged. At the time of this transaction, the mortgagor, Magunson, was also indebted in a large sum to the defendant, Brown; and on February 12, 1920,—less than two weeks after the execution of the mortgage to plaintiff, Magunson surrendered the steers to Brown, to be sold, and the proceeds applied on his debt to the latter. Brown took possession of the cattle, and shipped them to market at Sioux City, Iowa, realizing therefrom the sum of $43,497. Of the amount so received, Brown applied $38,443.57 on the debt due him from Magunson. Thereafter, this action was begun to recover from Brown the value of the cattle alleged to have been so converted by him to his own use. As originally filed, the petition demanded a recovery for the value of 300 steers; but, by subsequent amendment and substitution, the demand for judgment was enlarged to a claim for the value of 441 steers.

The defense pleaded is a general denial of the matters alleged in the petition. On the trial, it was shown without dispute that, at the date of the mortgage, Magunson had on his feed lot on his home farm in Bon Homme County 440 head of steers; that they remained in said location until February 12,

1920, when they were taken away by the defendant. There was evidence to the effect that, before taking the cattle from the feed lot, defendant, Brown, had visited the place, inspecting the property, and while there, was informed of the fact that Magunson had mortgaged it to the plaintiff. Defendant offered no evidence in his own behalf, and, except as a matter of pleading, did not attempt to deny or disprove actual or constructive notice of the existence of the alleged prior lien of the plaintiff. At the conclusion of the testimony on the part of plaintiff, the defendant moved for a directed verdict in his favor on the ground, stated in various forms, that the mortgage under which plaintiff claims, does not describe or purport to describe the cattle taken or converted by the defendant; and that, because of such insufficient description, the mortgage and recording thereof were void, and imparted no constructive notice of plaintiff's alleged lien; and that, under the statutes of South Dakota, even if defendant had actual notice, yet it appeared that, being a creditor of the mortgagor's, he acquired a lien or right superior to the mortgage, by obtaining possession of the property and applying it on the mortgagor's debt to him. The trial court sustained this motion, and directed a verdict for the defendant, and judgment was entered accordingly.

Upon the record thus made, the single question presented is whether the plaintiff made a case entitling him to go to the jury. We are quite clear that this inquiry must be answered in the affirmative. To justify a directed verdict, the alleged insufficiency of the description must be so patent that the court may say, as a matter of law, that it is so manifestly indefinite and uncertain that, even when aided by inquiries which the instrument itself suggests, the items intended to be covered by it cannot be fairly identified or ascertained. That this is the test of sufficiency of description in a chattel mortgage was clearly announced in the early and leading case of *Smith & Co. v. McLean*, 24 Iowa 332, and it has been followed and reaffirmed by us too often to require citation of other precedents in Iowa. And such, we think, is the recognized general rule in other jurisdictions.

Counsel have cited the South Dakota statute on the subject of chattel mortgages. Reference thereto shows provision for

filing such instrument and making the filing constructive notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is, at the time, situated in the county wherein such mortgage is filed. It is also provided that an un-recorded instrument is valid, as between the parties and those who have notice thereof.

The sufficiency of chattel mortgages has been the prolific source of litigation, and it may perhaps be said that there are border-line cases which cannot be easily reconciled; but the divergence in judicial opinion upon the subject is not in the conception or statement of the true rule, but rather in its application to the particular facts and circumstances attending the transaction under inquiry. There are kinds and classes of personal property susceptible of easy and definite description, about the identity of which there is little, if any, room for mistake or for vagueness or uncertainty of designation; but a very large proportion of personal assets is made of items of classes and kinds common to thousands; and ordinarily, to identify an item as belonging to A or B, and to distinguish it from others of like kind or character belonging to D or E, resort must be had to inquiry into the possession, ownership, location, and other extrinsic circumstances by which the needed information may be obtained. A mortgage upon a herd of white-faced steers, or shorthorns, or a team of bay horses, or other such general terms, without more, would be clearly void; but the reason for so holding disappears if the mortgage is upon a herd of white-faced steers *"now in my possession in my feed yard, on my home farm;* or upon the span of bay horses now in my barn, or now owned and used by me in said county." A person interested in ascertaining the truth is apprised by such a record, not only of the nature of the mortgagee's claim, but of the means by which he can test its true character. This rule is affirmed by the South Dakota court in *First Nat. Bank v. Koechel,* 8 S. D. 391 (66 N. W. 933), where it is said:

"If a person of ordinary prudence, acting in good faith, and making the inquiries suggested by the mortgage, would have been enabled to identify the mortgaged property, the description is sufficient."

In the case before us, the mortgage not only describes the

general character, but locates the property on the mortgagor's home farm and in his own feed lot, and states that it is owned by him; that it is in his possession, where it is to remain and be fed by him, and is not to be removed from its said location; and that the security is given to cover and include all the cattle owned by him, wherever found. That such descriptions are not void, and make the lien of the mortgage applicable to this property, at least sufficiently so as to take the issue to the jury, we have held in *Livingston v. Stevens*, 122 Iowa 62; *Packers Nat. Bank v. Chicago, M. & St. P. R. Co.*, 114 Iowa 621, 623; *Andregg v. Brunskill,* 87 Iowa 351, 354; *Chipman v. Weiny*, 112 Iowa 702, 705; *State Bank v. Felt,* 99 Iowa 532, 534; *Kenyon v. Tramel,* 71 Iowa 693, 694; and *Ashley v. Keenan,* 157 Iowa 1, 4.

Directly in point, also, is the following, from the court of South Dakota, where this cause of action arose:

"Whether respondents had actual notice of the mortgage, and knew what cattle were claimed thereunder, and whether its recitals are such as to enable third persons to identify the property, aided by inquiries suggested by that instrument, are questions of fact; and the evidence relating thereto should have been received and submitted to the jury, under proper instructions, together with the ultimate question, namely: Is the property in dispute the property mortgaged?" *Fisher v. Porter,* 11 S. D. 311 (77 N. W. 112, 114).

As we have already noted, there is evidence, the truth of which was for the jury, that defendant was directly informed of the existence of the mortgage, before he took possession of the property. Counsel for appellee in argument suggests the unreliability of this testimony; but we are not authorized to discredit it; and the further point made that even actual notice would not be sufficient to sustain the lien of plaintiff's mortgage is manifestly not well taken.

It follows that the court erred in directing a verdict for defendant, and the judgment appealed from must be reversed, and new trial awarded.—*Reversed and remanded.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.