FIRST NATIONAL BANK OF HUDSON, SOUTH DAKOTA, Appellee, v. HUGH MAXWELL, Sheriff, Appellant.

CHATTEL MORTGAGES: Description—Applicability to Property Generally. No constructive notice is imparted, as a matter of law, by the record of a chattel mortgage which carries a description of articles and things which would be applicable to an infinite number of like articles and things throughout the country, and which, by mere inference, locates the property as in a named county.

*Appeal from Plymouth District Court.*—William Hutchinson, Judge.

October 24, 1924.

Action by the mortgagee to recover the value of mortgaged chattels from the sheriff, who had seized and sold the same under a landlord's writ of attachment. A demurrer to plaintiff's petition was overruled, and defendant appeals.—*Reversed.*

*E. T. Bedell,* for appellant.

*R. H. Burton-Smith,* for appellee.

Stevens, J.—The chattel mortgage in question was executed February 7, 1919, by P. Pluim to appellee, a corporation having its place of business at Hudson, South Dakota, to secure the payment of a promissory note for $1,600. The mortgage, which recited "that P. Pluim of the county of Sioux, and state of Iowa * * *," contained the following description:

"One Black mare 7 yrs. old, weight 1000 lbs. One Bay mare 7 yrs. old wgt. 1000 lbs. One gray mare 14 yrs. old, wgt. 1500 lbs. One gray mare 11 yrs. old wgt. 1450 lbs. One team bay geldings 7 & 10 yrs. old, wgt. 1500 lbs. each. Ten head of cows and increase. One red bull, nine yearlings, four calves. Five brood sows and increase. All farm machinery partially enumerated as follows:"

It also provided for the sale of the property "at farm where kept in the county of Sioux and state of Iowa, after giving at least ten days notice thereof, by posting up written notices in three public places in said county."

The appellant demurred to appellee's petition, upon the sole ground that the above description was so defective that the record of the mortgage, which was recorded in Sioux County, Iowa, did not impart notice to third parties. The arguments of counsel on both sides are directed to this point alone. As to what constitutes a sufficient description of personal property in a chattel mortgage for the record to impart constructive

notice, the law in this state is well settled. It must be of such a character as to enable third persons, aided by inquiries which the instrument suggests, to identify the property. *Muir v. Blake*, 57 Iowa 662; *Warner v. Wilson*, 73 Iowa 719; *State Bank of Dayton v. Felt*, 99 Iowa 532; *Westinghouse Co. v. McGrath*, 131 Iowa 226; *Church v. Brown*, 195 Iowa 1112.

The mortgage contains no statement as to ownership, possession, or location of the property. Only a portion of the farm implements claimed to be covered thereby are enumerated. The only statement from which even an inference as to the location might be drawn is that the mortgagor is a resident of Sioux County, and the provision as to the place of sale. There is nothing in the description of any of the live stock or farm machinery to distinguish it from other similar stock or personal property in Sioux County. No item of the property is so designated by the description that it may not have been duplicated upon any one of scores of farms in Sioux County. Black, bay, and gray mares, bay geldings, cows, red bulls, brood sows, and farm machinery of the kind referred to are too common to enable a third party to identify any particular animal or implement by the description quoted, especially where the location is no more certain than the area of Sioux County. The mortgage itself suggests no inquiry that would enable a third party to identify the property. We have repeatedly held that ownership may not be presumed from the mortgage itself. *Andregg v. Brunskill*, 87 Iowa 351; *Syck v. Bossingham*, 120 Iowa 363; *Bensen & Marxer v. Reger*, 186 Iowa 19.

The most that can possibly be claimed for the description is that it inferentially locates the property in Sioux County. A description so indefinite is not sufficient. *Warner v. Wilson*, supra; *State Bank of Dayton v. Felt*, supra; *Iowa Lbr. Co. v. Cassidy & Bro.*, 107 Iowa 564.

The mortgage, as stated, does not recite that it is in the possession of the mortgagor in Sioux County, nor does it locate the same in any particular township or farm therein, or recite that it is all of the property of that description owned by, or in the possession of, the mortgagor. The description is so mani-

festly indefinite that the record did not impart constructive notice.

Both parties appear to desire to dispose of the case on demurrer. The test applied by this court in *Church v. Brown*, supra, as to when a verdict on the ground of the insufficiency of the description should be directed, is as follows:

"To justify a directed verdict, the alleged insufficiency of the description must be so patent that the court may say, as a matter of law, that it is so manifestly indefinite and uncertain that, even when aided by inquiries which the instrument itself suggests, the items intended to be covered by it cannot be fairly identified or ascertained."

We perceive no reason why this rule should not be applied in this case. The description cannot be supplemented or aided by parol, and the mortgage itself is not sufficient to suggest any inquiry that would lead to the identification of the property. This being true, the demurrer should have been sustained, there being no allegation of actual knowledge on the part of those to be charged therewith.

It follows that the judgment of the court below should be, and is,—*Reversed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.