Note.—Reported in 205 N. W. 31. See, Headnote (1), American Key-Numbered Digest, Assault and Battery, Key-No. 84, 5 C. J. 322; (2) Assault and Battery, Key-No. 84, 5 C. J. Secs. 313, 322; (3) Criminal Law, Key-No. 650, 16 C. J. Sec. 2158 (Anno.); (4) Criminal Law, Key-No. 1170½, 17 C. J. Sec. 3654; (5) Criminal Law, Key-No. 829(21), 16 C. J. Secs. 2477, 2506; (6) Criminal Law, Key-No. 942(1), 16 C. J. Sec. 2729; (7) Criminal Law, Key-No. 942 (1), 16 C. J. Sec. 2729.

## NELSON, Respondent, v. ROBINSON et al, Appellants.

### (205 N. W. 40.)

(File No. 5318. Opinion filed August 25, 1925.)

1. **Chattel Mortgages—Notice—Mortgage Sufficient as to Form and Execution to Entitle it to be Filed is Constructive Notice of What it Actually Contains.**

   Mortgage, properly witnessed and containing admission of receipt of copy, being sufficient as to form and execution to entitle it to be filed, is constructive notice to public of what it actually contains.

2. **Chattel Mortgages—Whether Description in Chattel Mortgage as Norwark Touring Car Was Sufficient to Cover Norwalk Touring Car for Jury.**

   Whether chattel mortgage description of property as one Norwark touring car whereas in fact it was a Norwalk touring car, sufficiently identified property covered to put any prudent man on inquiry held for jury, in view of other identifying recitals in mortgages.

3. **Chattel Mortgages—One Claiming as Purchaser in Good Faith for Value Has Burden of Proof.**

   One claiming as purchaser in good faith for value as against chattel mortgage covering property, under Rev. Code 1919, Sec. 1583, held to have burden of proof.

**4.   Chattel Mortgages—Whether Automobile Was Purchased in Good Faith and for Value Held for Jury Under Evidence.**

In action for conversion of automobile seized under alleged lien of chattel mortgage, whether automobile had been purchased by plaintiff's donor in good faith and for value held for jury under evidence.

·   Campbell, J., dissenting.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by Henry Nelson against Harry Robinson and another. Judgment and order for plaintiff, and defendants appeal. Reversed and remanded.

*Clark & Henderson* and *Harry A. Robinson,* all of Yankton, for Appellants.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

(1)  To point one of the opinion, Appellant cited: Jones on Chattel Mortgages, Sec. 54; 5 R. C. L. 53; Slimmer v. Meade, 34 S. D. 147, 147 N. W. 434, 11 C. J. 459.

Respondent cited:  Swayne v. Tillotson et al (Iowa), 123 N. W. 345.

MORIARTY, C.  The plaintiff sues the defendants, and alleges that about June 28, 1920, the defendants took from his possession and converted to their own use one certain Norwalk automobile of the value of $1,200, and he asks for damages in that amount.

The defendants admit the taking of the property, but they allege that, at the time of such taking, the defendant Gordon was the owner of a valid and duly filed chattel mortgage covering said automobile; and they say that they took said property rightfully and for the purpose of foreclosing said mortgage.

The evidence shows that the plaintiff claims the automobile as a gift from his stepfather, Julius Wold. It further shows that Wold's claim to the property was based on a purchase from Tom Kirby of Sioux Falls; a large part, at least, of the purchase price being the cancellation of a pre-existing indebtedness from Kirby to Wold. Kirby's title is based upon a purchase from one E. C. Parker for a purchase price of $300, part of which consisted of a payment to a garage claiming a lien on the car, and the record being silent as to the manner in which the remainder of the al-

leged purchase price was paid. It is admitted by both Kirby and Wold that the price at which Kirby sold the car to Wold, very shortly after Kirby's purchase of it, was $200.

The evidence further shows that on January 16, 1919, E. C. Parker mortgaged the car in controversy to one Pogensee to secure a debt of $200. The mortgage so given was duly filed in Turner county, S. D., on February 19, 1919, and on March 5, 1919, a duly certified copy of said mortgage with an assignment thereof to the defendant Gordon were filed in Minnehaha county, S. D. The car was in Minnehaha county when Kirby got it from Parker in the spring of 1919. The chattel mortgage given by Parker to Pogensee, so far as material to this case, reads as follows:

"Know all men by these presents that E. C. Parker of Irene, S. D., residing on section No. ——, township No. ——, range No. ——, county of Turner, state of South Dakota, mortgagor, in consideration of and for the purpose of securing the payment of two hundred ($200.00) dollars, and interest according to the conditions of promissory note, to wit: One note for $200.00, dated Jan. 15, 1919, due July, 1919, does hereby mortgage unto Adolph Pogensee, South Dakota, mortgagee, the following described goods and chattels now in his possession, owned by him, and free from any and all incumbrances, to wit: One Norwark touring car.

"In case of foreclosure of this mortgage, it shall be held at Irene, S. D."

The mortgage contains both an acknowledgment and an affidavit of ownership and freedom from other liens executed by E. C. Parker January 16, 1919, and with the venue of each laid in Turner county, S. D., and usual power of sale.

At the close of the evidence the defendants moved for an instructed verdict in their favor. This motion was upon the following grounds: That the mortgage under which the defendants took the property was good as against the plaintiff.

The trial court denied this motion, and submitted the case to the jury, including in his instructions the following:

"Gentlemen of the jury, the undisputed evidence in this case shows that this automobile was bought by Julius Wold for value from Tom Kirby, and that Julius Wold had no notice of any mortgage upon this automobile.

"The evidence further shows that Julius Wold gave this automobile to his stepson, the plaintiff in this case, and that he had no notice of the mortgage. The evidence further shows that the mortgage which has been introduced in evidence describes the automobile as a Norwark automobile, while the automobile involved in this action is a Norwalk automobile, and the court is of the opinion that the description 'Norwark' automobile is not sufficient to give notice to third persons that the Norwark automobile involved in this case was such Norwark automobile.

"The plaintiff therefore was entitled to the possession of this car, and, when the defendants took possession of said car under their chattel mortgage in evidence, they did wrongfully, and converted said car to their own use, and your verdict will therefore be for the plaintiff for the reasonable value of the car at the time it was taken from the plaintiff. So the sole question for you to determine in this case is: What was the reasonable value of the car at the time it was taken from the possession of the plaintiff?"

To the giving of this instruction the defendants duly excepted.

While defendants' counsel have raised and argued several questions as to the rulings of the trial court, we do not deem it necessary, for the purposes of this appeal, to consider any questions except those raised by defendants' motion for the direction of a verdict in their favor, and their exception to the giving of the instruction above quoted. This narrows down the discussion to the following status: It is established by undisputed evidence that the car in controversy is the one mortgaged by Parker, and that defendant Gordon was the owner of the mortgage.

[1] The mortgage is sufficient as to form and execution to entitle it to be filed. Therefore it does not fall in the category of mortgages not properly witnessed or not containing admission of receipt of copy, which this court has declared not to be entitled to filing, and therefore not capable of giving any constructive notice whatever. As the mortgage in this case is in the form entitling it to be filed, it is constructive notice to the public of what it actually contains.

[2] The only defect relied upon by the plaintiff is that the mortgage describes the property as "one Norwark touring car," whereas the automobile in controversy is in fact a Norwalk tour-

ing car. And the trial court, in the instruction excepted to, specifically refers to this error in name as rendering the mortgage insufficient to give notice to third persons of the existence of a lien on a Norwalk touring car. In addition to the question thus raised there is before this court the further question whether the plaintiff can avail himself of any defect there may be in the description of the property.

As to the sufficiency of the description, the mortgage contains the following elements of notice: (a) That E. C. Parker of Irene, S. D., was mortgaging a car; (b) that the car being mortgaged was then in his possession; (c) that said car was then owned by him; (d) that the car mortgaged was described as a "Norwark" touring car.

In determining whether these elements are sufficient to give notice to third parties, this court will bear in mind that the requirement of accuracy in description is not to enable those who are not actually misled to deal in mortgaged property relying on technical defects to defeat the claims of the mortgagee. The purpose of the law is to protect parties who have parted with value, believing and having reason to believe that the property is unincumbered. Persons who do in good faith part with value in purchasing mortgaged property, and who do not have actual notice of the lien, have reason to believe that the property is unincumbered, unless a mortgage entitled to be filed, and actually filed, contains elements of notice sufficient to put such person on inquiry. But, if there is such mortgage on file, and if it does contain elements of notice sufficient to put a reasonable person on inquiry, then such person is deemed to have constructive notice of such facts as reasonable inquiry would have elicited.

In applying this rule to the facts of this case we must bear in mind that the plaintiff in this case is not a purchaser for value; therefore the question whether he had constructive notice is immaterial. He is dependent upon the title of his predecessor in title to the car. If the person who took title from Parker had notice of the lien, his title was subject to the lien, and his vendee would take such title subject to the lien, unless he parted with value, without notice either actual or constructive of the lien.

. The first question, then, is whether Kirby took the car subject to the lien of the mortgage. He says that he got the car directly

from Parker; therefore the fact that Parker had mortgaged a touring car, which was in his possession at Irene, S. D., in January, 1919, was one element of notice to Kirby. He also had notice that the car which Parker mortgaged was described in the mortgage as a "Norwark touring car," and he knew that the car he was getting from Parker was a Norwalk touring car. The fact that the assignment and a copy of the mortgage were filed in Minnehaha county would indicate to him that the holder of the mortgage expected the car to be brought to Minnehaha county, where Kirby found it.

These facts were sufficient to put any prudent man on inquiry as to the identity of the car he was getting from Parker with the one which Parker mortgaged a few months before. He says that Parker was in his office at the time he was dealing for the car. Evidently, reasonably diligent inquiry would have elicited the information that the car he was getting was the one Parker had mortgaged a short time before. There is no probability that any reasonably prudent man would pay money for the purchase of a Norwalk touring car, knowing that the man to whom he was paying it had recently mortgaged a car described as a "Norwark touring car," without making inquiry. No reasonably prudent man would place so much reliance in the variation of a single letter, without appreciable effect on the sound being produced by variation.

Since Kirby dealt directly with Parker, the natural course of his inquiry would lead to the mortgages given by Parker, and this makes the description good as to Kirby. But this rule does not apply to Wold, who did not deal directly with Parker.

The situation is precisely the same as if Wold were the plaintiff in this case. And with reference to Wold two questions are presented: First, is the description good as to purchasers in good faith and for value, acting without actual notice that the property was covered by the mortgage? Second, if the description is not good as to such purchaser, does the evidence show that Wold is in a position to take advantage of any defect in the description?

As to the first question Wold was buying a secondhand car, not from a dealer in such property, but from a lawyer. Supposing him to have had knowledge of the description actually contained in the mortgage, what is his status?

This court has laid down and reiterated the rule stated in First Nat. Bank v. Koechel, 8 S. D. 391, 66 N. W. 933:

"If a person of ordinary prudence, acting in good faith, and making the inquiries suggested by the mortgage, would have been enabled to identify the mortgaged property, the description is sufficient."

There is no system of indexing whereby one making inquiries can get information through knowledge of the description alone. Of this fact the courts must take judicial cognizance. "One bay gelding six years old, name 'Dick,' no marks or brands, weight 1,400 pounds," would be a perfect description so far as the horse himself is concerned. But no one could discover from that description whether that horse was covered by a regularly filed chattel mortgage. Any prudent person wishing to inform himself as to that fact would naturally first inquire as to the ownership. It is a mere quibble and an evident fiction to assume that anyone gets information as to chattel mortgages except through the name of the mortgagor. The courts must come down to earth on this proposition and must recognize the fact that in making inquiries as to chattel mortgages the name of the mortgagor and the place where the property is situated are the starting points for such inquiry. Unless the courts do recognize this fact, the decision of cases such as this is made to depend upon barren technicalities instead of upon administering substantial justice. It is to secure substantial justice that the rule above stated is established.

Applying this rule to the case at bar, the first inquiry which Wold should have made, had he been acting in good faith and as a person of ordinary prudence, would be to ask Kirby as to the owner from whom he got the car. This would have elicited the information that E. C. Parker was the former owner. This information, properly pursued, would lead to notice that, a few months before, E. C. Parker had mortgaged "one Norwark touring car," and the description would be good as against Wold to the same extent as against Kirby. And, by a familiar rule, if Wold refrained from making proper and reasonable inquiry, he is bound by all notice which such inquiry would have elicited.

Certainly the evidence is sufficient to bring this case within the rule laid down by this court in Fisher v. Porter, 11 S. D. 311, 77 N. W. 112:

"Whether respondents had actual notice of the mortgage, * * * and whether its recitals are such as to enable third parties to identify the property, aided by inquiries suggested by that instrument, are questions of fact, and the evidence relating thereto should have been * * * submitted to the jury under proper instructions."

See, also, Slimmer v. Meade County Bank, 34 S. D. 147, 147 N. W. 734; Church v. Brown, 195 Iowa 1112, 193 N. W. 414.

But, even conceding that the description is not sufficient to bind the class of purchasers mentioned in the statute, the mortgage being good as between the mortgagor and mortgagee, any defect in the description can only be availed of by one who is a subsequent purchaser or incumbrancer of the property, in good faith and for value, and who becomes such without actual notice of the mortgage.

[3, 4] The rule seems to be well established that one claiming to be a purchaser in good faith and for value, and without actual notice, has the burden of establishing, by a preponderance of the evidence, that he falls within that class.

Section 1583 of the Revised Code of 1919 provides that a chattel mortgage, unless duly filed, shall be void as against "subsequent purchasers and incumbrancers of the property in good faith for value."

The plaintiff has the burden of proving, by a preponderance of the evidence, that Wold is within the class mentioned in this statute. Was the trial court justified in taking from the jury the question whether plaintiff had successfully assumed this burden? This is primarily a question for the jury, and plaintiff has the burden. Fisher v. Porter, supra; Wilson v. Rustad, 7 N. D. 330, 75 N. W. 260, 66 Am. St. Rep. 649; Maloney v. Greenwood (Tex. Civ. App.), 186 S. W. 228; Bigstone County Bank v. Crown El. Co., 111 Minn. 399, 127 N. W. 181.

The trial court in the instruction quoted herein told the jury that—

"The undisputed evidence in this case shows that this automobile was bought by Julius Wold for value from Tom Kirby, and that Julius Wold had no notice of any mortgage upon this automobile."

Kirby and Wold each testified that when he got the car he had no knowledge that it was covered by Gordon's mortgage. And it is true that this evidence is undisputed. But this evidence does not deny that they both knew of the existence and filing of the mortgage and of the description which it contains. They are in court as witnesses on behalf of one claiming under them, and contending that the description, "one Norwark touring car," does not give notice to any one that the Norwalk touring car which they purchased was mortgaged. Their conclusion of lack of knowledge may rest wholly upon the theory of this contention. Again, the testimony as to payment of consideration is indefinite, and might possibly be considered evasive. Kirby does not say what part of the consideration consisted of the payment he made to the garage, and in what manner, if at all, payment was made by him to Parker. The jury might readily believe that any consideration which passed to Parker may have been fees due Kirby's law firm for services in litigation between Parker and Gordon concerning this identical car.

Again, Wold testified that a large part of the $200 which he paid Kirby for the car was an account which Kirby already owed him. He does not say whether any actual payment of money was made by him in the transaction. If he did make any such payment, that fact and the fact that such payment was of an amount sufficient to show a good faith parting with value were matters which should have been put in evidence. The mere statement that "a large part of" the payment was debt which Kirby previously owed him may mean that $1, or even less, was paid in order to meet a possible legal question whether an antecedent debt alone would be a sufficient consideration to give Wold the status of a bona fide purchaser. The burden was upon the plaintiff to make a full disclosure of these matters in order to sustain the burden of showing Wold to be a purchaser in good faith and for value.

The questions of the sufficiency of the description in the mortgage and of the good faith of Wold's purchase of the car were both questions which should have been submitted to the jury under proper instructions, and the learned trial court erred in instructing the jury that the defendants had no right to take the property under the mortgage.

The judgment and order appealed from are reversed, and the case is remanded for further proceedings according to law.

GATES, J., concurs in result.

CAMPBELL, J., dissents.

Note.—Reported in 205 N. W. 40. See, Headnote (1), American Key-Numbered Digest, Chattel Mortgages, Key-No. 57, 11 C. J. Sec. 226; (2) Chattel Mortgages, Key-No. 157(3), 11 C. J. Sec. 103; (3) Chattel Mortgages, Key-No. 157(2), 11 C. J. Sec. 194; (4) Chattel Mortgages, Key-No. 229(1), 11 C. J. Sec. 355.