## SECURITY NATIONAL BANK, Respondent, v. WHITE COMPANY, Appellant.

### (211 N. W. 452.)

(File No. 5743.   Opinion filed December 31, 1926.)

1. **Chattel Mortgages—Property Must Be Described in Chattel Mortgage So that Mortgagee May Say, with Reasonable Degree of Certainty, What Is Subject to Lien.**

    Even as between parties there must be an identification of property in chattel mortgage, so that mortgagee may say, with reasonable degree of certainty, what it is that is subject to lien.

2. **Reformation of Contracts—Equity—Action to Reform Is Proper Remedy to Correct Misdescription in Mortgage, Where It Is Necessary to Show Intent of Parties by Parol Evidence.**

    Where misdescription in chattel mortgage is not mere clerical error and must be corrected by showing parties' intent by parol evidence, only remedy is by action in equity to reform instrument.

3. **Chattel Mortgages—False Description of Automobile Mortgaged Held to Render Mortgage Ineffectual as Against One Who Took It in on Trade.**

    Chattel mortgage, covering "5 1-ton White trucks, models G. B. B. E.," held not to create lien on White touring car, model G. F., so that mortgagee could not recover automobile from one who took it in on trade.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Chattel mortgages, Key-No. 47, 11 C. J. Sec. 78; **(2)** Reformation of instruments, Key-No. 1, 34 Cyc. 906; **(3)** Chattel mortgages, Key-No. 47, 11 C. J. Sec. 101.

On sufficiency of description of property in chattel mortgage, see 5 R. C. L. 422, 1 R. C. L. Supp. 1397.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by the Security National Bank against the White Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed and remanded, with instructions.

*Mather, Stover & Mather,* of Watertown, for Appellant.
*Loucks, Hasche & Foley,* of Watertown, for Respondent.

MORIARTY, C.   The respondent sued for the alleged conversion of a motor vehicle.   The case was tried to a jury, which

returned a verdict in favor of plaintiff in the sum of $336.22. From a judgment entered in conformity with said verdict and from an order denying a new trial this appeal is taken.

Respondent claimed the property under a chattel mortgage dated May 18, 1920, and duly filed on May 21, 1920.

Some time in March, 1921, the appellant took the vehicle in controversy in a trade, made with one McLaughlin, the maker of respondent's mortgage. It is undisputed that the vehicle so taken was a seven-passenger White touring car, model G. F. The only description in respondent's chattel mortgage which could possibly cover this car is contained in the words and figures: "5 1-ton White trucks, models G. B. B. E."

The undisputed evidence shows that the White truck, model G. B. B. E., is a four-cylinder machine, while the G. F. touring car has six cylinders; that the length of wheel base, size of wheels, style of clutch, character of springs, power of engine, speed gears, length of hood, and many other items are entirely different in the G. F. touring car from the corresponding parts in the G. B. B. E. truck—in addition to the fact that the body on the vehicle in controversy was distinctly a passenger car body, and in no sense a truck body.

The case was tried on the theory that the description was not sufficient to give constructive notice that the mortgage covered the car in controversy, but was sufficient to constitute a mortgage on the car, as between the parties to the mortgage, and that there was evidence to warrant submitting to the jury the question whether the appellant had notice of the mortgage sufficient to make the lien good as against the appellant corporation.

At the close of the evidence on respondent's direct case, and again at the close of all the evidence, appellant's counsel moved for the direction of a verdict in its favor. This motion stated several different grounds upon which appellant's counsel contend that a verdict should have been directed, but, from the view which this court takes of the matter in controversy, it will not be necessary to consider any of these contentions except the one that the description contained in the mortgage is not sufficient to create a mortgage lien upon the touring car in controversy.

[1] The rule as to what will constitute a sufficient description to create a mortgage, good as between the parties thereto,

has been stated and reiterated by the courts of practically all the states, and, as found in Jones on Chattel Mortgages, (5th Ed) § 55, is stated as follows:

"Even as between the parties there must be an identification of the property, so that the mortgagee, either legal or equitable, may say, with a reasonable degree of certainty, what it is that is the subject of his lien." Lee v. Cole, 17 Or. 559, 21 P. 819; Payne v. Wilson, 74 N. Y. 348.

In the matter of chattel mortgages on stock and other property not susceptible of such description as would absolutely distinguish the property mortgaged from other property of the same class, this court has been less strict than some other courts in its requirements for the creation of a valid lien. But such decisions have no application to cases involving an absolute misdescription of property susceptible of accurate description. And this court has held that descriptions which, standing alone, might be insufficient, may be aided by other statements in the mortgage. The ownership, place where property is kept, and statement that the property mortgaged is the only property of the class owned by the mortgagor have been held to be items aiding descriptions which, standing alone, would be insufficient. But the decisions so holding are decisions which deal with descriptions which are correct as far as they go, but are not sufficiently definite and specific to be good without such aids.

The description involved in the instant case does not fall in that class. Its vice does not lie in the fact that it is indefinite and incomplete, but in the fact that it is intrinsically false and misleading: "A description which is wholly false renders a mortgage ineffectual." Jones on Chattel Mortgages (5th Ed.) § 63; Adams v. Commercial National Bank, 53 Iowa 491, 5 N. W. 619; First Mortgage Loan Co. v. Durfee, 193 Iowa 1142, 188 N. W. 777.

[2] If a misdescription in a mortgage is due to a mere clerical error, the law will read the instrument as if the right word were in place of the wrong word, but where the error is not a mere clerical error and must be corrected by showing the intent of the parties, by parol evidence, the only remedy is by an action in equity to reform the instrument. Castle v. Gleason, 31 S. D. 590, 141 N. W. 516.

[3] The false description involved in the instant case is so utterly lacking in anything that could create a lien on the car in controversy that the trial court should have held, as a matter of law, that said car was never mortgaged to the respondent, and should have granted appellant's motion for the direction of a verdict in its favor.

The judgment and order appealed from are reversed, and the case is remanded, with instructions that the trial court enter judgment in favor of appellant.