ALBERTS, Respondent, v. ALBERTS, et al, Appellants.

(221 N. W. 80.)

(File No. 6369.   Opinion filed September 29, 1928.)

*Buell F. Jones,* of Britton, for Appellants.

MORIARTY, C.   The respondent, John Alberts, began this action for the possession of a Ford coupe, model T, motor No.

11495528, which he claims as mortgagee, entitled to possession for purposes of foreclosure. The facts as shown by the record are undisputed, and are as follows:

On April 15, 1925, one Elmer Alberts, who is a son of John Alberts, the respondent, executed a chattel mortgage to secure a note for $561.60, payable to John Alberts. This chattel mortgage was filed with the register of deeds of Marshall county on April 16, 1925. The property covered by this mortgage was described as "one Ford coupe, engine number 1149529." On April 16, 1925, Elmer Alberts bought of Charles Benson, of Claremont, S. D., a new model T, Ford coupe, motor number 11495528. As part payment upon this Ford coupe, Elmer Alberts turned in to Benson an Overland touring car, upon which Koeppen & Curr held an unsatisfied chattel mortgage.

Koeppen & Curr satisfied their mortgage on the Overland car, in order to allow Alberts to trade it to Benson on the deal for the coupe. On the same day that Elmer Alberts purchased the Ford coupe from Benson, April 16, 1925, he gave Koeppen & Curr a chattel mortgage on the coupe. This mortgage correctly described the property as "one new model T, Ford coupe, motor No. 11495528." This chattel mortgage was duly filed on April 21, 1925. At the time Koeppen & Curr accepted this mortgage, they had no knowledge or notice of the existence of respondent's mortgage. They asked Elmer Alberts whether the coupe was mortgaged to any one, and he told them that it was not. They asked whether the coupe had been bought from Benson, and Elmer Alberts informed them that it had. They then made inquiry from Benson whether he claimed any lien on the car, and were told by him that he had been paid in full for the coupe and had no lien or mortgage upon it.

Upon a trial to the court, and a record showing these facts, the trial court made findings of fact and conclusions of law, holding the lien of respondent's mortgage to be prior and superior to that of appellants' mortgage. Judgment was entered in accordance with these findings, and appellants' motion for a new trial was denied. From such judgment, and the order denying a new trial, this appeal is taken.

The sole question presented to this court is as to the correctness of the trial court's finding as to the priority of respondent's

lien. By his assignments of error and his arguments thereon appellants' counsel raises two contentions:

First, that the respondent's chattel mortgage can have no validity as against appellants, because the undisputed evidence shows that it was given on April 15, 1925, and that Elmer Alberts, the mortgagor, did not acquire title to the car until April 16, 1925.

Second, that the description contained in respondent's mortgage is insufficient to create a lien upon the car in controversy and good against appellants.

As to the first contention the counsel is in error. Since the handing down of the decision in McKay v. Shotwell, 6 Dak. 124, 50 N. W. 622, this court has consistently held that a chattel mortgage given on property to which the mortgagor has not yet acquired title is an agreement to create a lien, and that the contemplated lien attaches as soon as the mortgagor acquires the property. This is what is termed the equity rule, and is generally followed where the mortgages are held to be mere liens, and not transfers of title. Jones on Chattel Mortgages, § 170; Revised Code 1919, § 1529; McKay v. Shotwell, supra; Grand Forks Nat. Bank v. Elevator Co., 6 Dak. 357, 43 N. W. 806; Iverson v. Soo Elevator Co., 22 S. D. 638, 119 N. W. 1006; National Bank of Wheaton v. Elkins, 37 S. D. 479, 159 N. W. 60; Live Stock Nat. Bank v. Julius, 187 Iowa, 748, 174 N. W. 489; Hellstrom v. Bank, 54 N. D. 322, 209 N. W. 379.

It was stipulated in the trial court that $561.60 of the purchase price of the car was paid to Benson by a check signed by the plaintiff, John Alberts, and dated April 16, 1925; and the inquiry made by the appellants established the fact that this payment was made before they took their mortgage. Under such circumstances, and with no question of fraud involved, if plaintiff's mortgage properly described the car in controversy, it would constitute the prior lien.

As to the second contention of appellants' counsel, we think the contention is sound. The record shows that appellants' mortgage was taken to secure a valid debt, that appellants made all inquiries that they could be expected to make to assure themselves that they were getting a first lien on the car, and their good faith throughout the transaction is unquestioned. Under such cir-

cumstances, the respondent's lien must depend for its priority upon the mortgage itself and its priority of execution and filing.

In Security National Bank v. White Co., 50 S. D. 598, 211 N. W. 452, this court said:

"In the matter of chattel mortgages on stock and other property not susceptible of such description as would absolutely distinguish the property mortgaged from other property of the same class, this court has been less strict than some other courts in its requirements for the creation of a valid lien. But such decisions have no application to cases involving an absolute misdescription of property susceptible of accurate description."

In the instant case the facts are such that the insufficiency of the description is conclusively apparent. The discrepancy is such that it cannot be treated as a mere clerical error. The respondent claims a lien on property susceptible of definite and accurate description. Respondent's chattel mortgage not only fails to describe the property upon which the lien is claimed, but it contains a description which is absolutely false and misleading. This brings the instant appeal within the rule stated in Security National Bank v. White Co., supra.

In support of their contention that the description is sufficient, respondent's counsel cite the decision of this court in Nelson v. Robinson, 48 S. D. 436, 205 N. W. 40. But that case is readily distinguishable from the instant case. In Nelson v. Robinson the description in the mortgage was "one Norwark touring car," while the correct description would be "one Norwalk touring car." The trial court instructed the jury that the description was not sufficient to create a lien good against the plaintiff. This court held that:

"The questions of the sufficiency of the description * * * and of the good faith of Wold's purchase of the car were both questions which should have been submitted to the jury under proper instructions."

Nelson did not claim to have parted with any value in securing title to the car. He claimed it as a gift from Wold, and the question whether Wold was a purchaser in good faith and for value, so as to bring him within the protection of the recording statute, was a question upon which reasonable men might differ. And, as to the description, this court called attention to the fact that the description in the mortgage varied by but a single letter

from a correct description, and "without appreciable effect on the sound being produced by variation." Proper instructions would have submitted to the jury the question whether the description would have made the rule of idem sonans apply.

There was no question of the good faith of the defendants to be submitted in the instant case, nor was there any question of the application of the rule of idem sonans. The absolute misdescription of the property brings respondent's mortgage within the rule adopted in Security National Bank v. White Company, supra.

The judgment and order appealed from are reversed, and the case is remanded to the trial court for further proceedings in harmony with this opinion.

BURCH, P. J., and POLLEY, SHERWOOD and BROWN, JJ., concur.

CAMPBELL, J. (concurring specially). Any effort to reconcile the holding of the foregoing opinion with the language approved by a majority of this court in the case of Nelson v. Robinson (1925) 48 S. D. 436, 205 N. W. 40, appeals to me as ingenious, rather than convincing. Never having approved of Nelson v. Robinson, I am pleased to observe what seems to me in fact a recession therefrom, whether it is admitted or not, and even though it be accomplished by the convenient device of "distinguishing," and upon those considerations I concur in the result reached in the present case, although I am not in agreement with all that is said in the opinion regarding the effect of giving a chattel mortgage before acquiring the property.