CENTRAL STATE BANK & TRUST COMPANY, Appellant, v. J. P. SQUIRES & COMPANY, Appellee.

No. 44293.

June 21, 1938.

D. D. Murphy & Son, for appellants.

F. E. Sharp, for appellee.

RICHARDS, J.— In its petition as amended plaintiff alleged; that on December 9, 1931, one John Stegelman executed to plaintiff a chattel mortgage; that by its terms Stegelman sold to plaintiff all personal property of every kind and description owned by him and kept and used on the premises as described in said mortgage; that the chattel mortgage is in full force and effect and the note secured thereby unpaid; that on October 24, 1933, Stegelman sold to defendant certain hogs, about 90 in number; that said hogs were then and there the property of the plaintiff; that defendant wrongfully took said hogs and converted the same without paying the plaintiff the reasonable value thereof, to wit, $684.03; that defendant was "notified that the property sold and turned unto them (defendant) was property of one John Stegelman which was covered by chattel mortgage to the plaintiff, and that the said defendant fraudulently and with full knowledge of all the facts and circumstances, took and converted said hogs in question to its own use and failed to pay the plaintiff therefor; and that no payment was made to this plaintiff or to said John Stegelman and this plaintiff states the payment was made to others who had no interest or title in and to said hogs; all of which was known by plaintiff (sic) at the time same were purchased and the defendant's acts in connection therewith constituted a fraud on this plaintiff." Judgment was demanded against defendant for $684.03 with interest and costs. Defendant's answer was a general denial. An amend-

ment alleged! that, in event the evidence of plaintiff shows that it had' a mortgage against the hogs mentioned in the petition, the same has been waived by permitting the hogs to be sold by the mortgagor on former occasions when they' became marketable. Upon the trial a verdict was returned for defendant. Judgment was entered thereon against plaintiff, from which it has appealed.

It appears from the record that defendant bought about 90 hogs on October 24, 1933, which were the property of 'Stegelman, and that these hogs were hauled from the farm described in the mortgage by truckers who received the checks for the hogs and turned over the proceeds to Stegelman.

The court charged the jury that it was for them to determine whether or not the description contained! in the mortgage was in fact a sufficient description of the hogs purchased by defendant. The giving of this instruction is challenged in several of the assignments of error. But we see no room for complaint by plaintiff. The description contained in the mortgage was' material upon an ultimate question, namely, Was the property in dispute the property mortgaged? Church v. Brown, 195 Iowa 1112, 193 N. W. 414. In this case, however, the answer to this ultimate question depended not upon a description, general in character, its applicability to these hogs depending on such aids respecting location, possession, ownership, etc., as a jury might find in the mortgage. The answer depended upon something more vital, that is, whether as a matter of law the mortgage contained any description of the hogs in question. The court could well have held the mortgage contained no such description. Instead of so doing the court left the question to the jury. No prejudice to plaintiff resulted. We will briefly set out the facts from which it appears that there was no description in the mortgage of the hogs in controversy.

The hogs that were sold were but 8 to 10 months old. They did not exist in December 1931 when the mortgage was executed. So, none of the hogs enumerated and described in the mortgage or then owned by the mortgagor, could have been the hogs defendant purchased. Nor can it be said, in reason, that there were any terms in the mortgage that sold to plaintiff any hogs that were to come into existence subsequent to the execution of that instrument. The mortgage recites that John Stegel-

man grants and conveys unto plaintiff the following goods and chattels:

"1 bay mare, 6 yrs. old; 1 bay mare, 9 yrs. old; 1 white mare, 13 yrs. old; 1 gray gelding, 5 yrs. old; 1 gray gelding, 10 yrs. old; 1 gray gelding, 8 yrs. old; 1 brown mare, 7 yrs. old; 1 brown gelding, 14 yrs. old; 6 hogs, weight 200 lbs.; 35 milch cows; 30 Jerseys, 1 Holstein, 1 Guernsey, 3 grade Jerseys; 4 Jersey heifers, 2 yrs. old; 7 Jersey heifers, 1 yr. old; 14 Jersey heifer calves; 3 steers, 2 yrs. old; 1 Jersey bull, 3 yrs. old; 33 brood sows, Poland China; 90 hogs, fall pigs, 60 lbs.; 2500 bu. ear corn; 2200 bu. oats; 200 bu. barley; 6 serv. work harness; 1 Deere corn planter, new; 2 harrows; 1 hay loader, New Hoffman; 100 bu. wheat; 40 tons of hay; 1 12-ft. drill seeder; 2 gang plows; 5 cultivators; 1 Deere manure spreader; 2 walking plows; 2 single discs.

"Also hereby selling and mortgaging all oats, corn, hay and produce of any and every kind, and all machinery including plows, drags, pulverizers, mower, binder, hay rakes, tractor, and in fact, all machinery and equipment of any and every kind now owned by us and kept in our possession; also all future acquisitions and additions to said machinery, and all produce now or hereafter owned by mortgagors and in their possession on premises hereinbelow described.
[Attached]
"It is also understood that the consideration of this mortgage was used for the purchase price of the property enumerated, and acquisitions thereto, and the mortgagors hereby sell and mortgage all personal property of every kind and description owned by them and kept by them in their possession, whether the same is contained in the particular descriptions above, or not, and all of said property kept by them in their possession, on the following described premises:
[Herein follows description of real estate.]
and in the possession of mortgagor, to have and to hold the same forever; * * *."

The foregoing includes the material portion of the mortgage. All future acquisitions and additions *to the machinery* were expressly sold to the mortgagee. All oats, corn, hay and produce and all produce thereafter owned by mortgagor was likewise in terms included. But the mortgagor's inclusion of

future acquisitions goes no further than the machinery and produce. In connection with the description of the live stock, horses, cows, and hogs, there is no intimation that the mortgagor was selling future increase acquisitions or additions. The statement that the consideration of the mortgage was used for the purchase price of the property enumerated, and acquisitions thereto, merely imparts information as to what had already happened, nor can it in any manner be looked on as a granting clause. The general clause that the mortgagors sell all personal property owned by them, in their possession, whether the same is contained in the particular description above, or not, cannot be construed reasonably as expressing an intent other than to add to the properties specifically itemized any other that there might be on the premises, in the possession of mortgagors. It would require a strained and unjustified construction of this clause, to find therein an expression of intent with respect to future acquisitions. It is more reasonable to believe that the two specific inclusions of future acquisitions, i. e., machinery and produce, as found in the mortgage, expresses the intent as to what acquisitions were to pass to the mortgagee. For us to say that acquisitions or increase of livestock as well were sold, savors of remaking the instrument.

Consequently in this case the ultimate question, whether these hogs were the mortgaged property, must be answered in the negative. Plaintiff's claim being founded upon an alleged mortgage lien, and that lien not existing as to the hogs in controversy, there was no right of recovery from defendant. There are other assignments of error. But none are of such a nature as to be prejudicial to plaintiff, in view of our above conclusion. The judgment of the district court is affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, HAMILTON, DONEGAN, MILLER, SAGER, and KINTZINGER, JJ., concur.