PERRY v. MURRAY ET AL.

1. **Assignment:** ORDER DECLARING DIVIDEND: EFFECT AS AN AD-
JUDICATION. An order of Court directing a *pro rata* dividend to
be paid by an assignee for the benefit of creditors, where the prior
proceedings have been in all respects regular, and no exceptions have
been filed to any of the claims presented, constitutes an adjudication as
between the creditors which cannot be collaterally attacked.

2. **Practice:** SUBMISSION ON AGREED FACTS: PLEADING. Where a
cause is submitted on the pleadings and certain agreed facts, such facts
must be considered by the court, and the case determined upon the whole
record, although some of the facts were not pleaded.

*Appeal from Jefferson District Court.*

SATURDAY, DECEMBER 18.

THE facts are stated in the opinion.

*A. B. & J. C. Cummins,* for appellants.

*Slagle, Acheson & McCracken,* for appellees.

SEEVERS, J.—Prior to April 28, 1877, John H. Wells,
George Stever and M. S. Averill were partners engaged in
mercantile business at Fairfield, Iowa, under the
partnership name of Wells, Stever & Averill. On
the day aforesaid John S. Wells died, and in Sep-
tember, 1877, letters of administration on his
estate were granted to Margaret P. Wells. After the death
of Wells, the business was continued by Stever and Averill,
as it had been before, under the name of Wells, Stever &
Averill. When Wells died the firm was largely indebted, and
was possessed of goods, wares and merchandize. Other goods
were thereafter purchased and indebtedness thereby increased.
Such purchases were made in the name of Wells, Stever
& Averill, and the goods so purchased were mingled with those
on hand at the time Wells died. No separate accounts were

1. ASSIGN-
MENT:
order declar-
ing dividend:
effect as an
adjudication.

kept. In short, the business was transacted in the same manner it would have been if Wells had been living.

On the 28th of March, 1878, there was an indebtedness existing from the firm to the plaintiffs, for goods purchased since the death of Wells, and other debts to other parties for goods purchased previous to that time.

On said day George Stever and N. S. Averill, describing themselves as the surviving members of the firm of Wells, Stever & Averill, made a general assignment for the benefit of " all the creditors of said firm, who became such before or since the death of said John H. Wells, in proportion to the amount of their respective claims." The assignment was duly filed in the proper office, and the defendant qualified as assignee, and took possession of the assigned property. Notice was given as required by law, and the plaintiffs and other creditors filed their respective claims against the firm of Wells, Stever & Averill with the assignee, within three months after the notice aforesaid was given. No distinction was made between the claims so filed by the assignee or the parties, or claim made by any one that he was entitled to priority over others, nor was any exception taken to any claim, unless this proceeding does so.

At the November term, 1878, the District Court ordered the assignee to make a *pro rata* dividend, among the creditors who had filed their claims within three months from the time the assignee filed his report, as required by law. To this order no exceptions were taken, nor did any one appeal therefrom.

In February, 1879, the plaintiffs commenced this proceeding. The relief asked being " that said assets be marshalled, and that the assignee be directed to pay in full those claims that have been proven against said firm composed of Stever & Averill, before applying any part of said estate upon claims against the firm of which Wells, Stever & Averill were members, and further pray such other relief as equity and good conscience require." The relief asked was refused, and the

assignee again directed to pay *pro rata* all the claims.    The plaintiffs appeal.

After much reflection, and with some doubts as to the correctness of our conclusion, we think the order of the District Court must be affirmed.    The grounds upon which we rest our conclusion are as follows:    It is provided by statute that the assignee shall notify each creditor to present his claim to him within a specified time, and within three months from giving such notice the assignee shall report and file with the clerk of the court a true and full list, under oath, of all such creditors of the assignor as shall have claimed to be such, with a statement of their respective claims.    Code, § § 2119, 2120.

Within three months from filing such report, any person interested may appear and file with said clerk exceptions to the claim or demand of any creditor, and the clerk shall forthwith cause notice thereof to be given the creditor, which shall be returnable to the next term, and the court shall proceed to hear the proofs and allegations of the parties in the premises, and shall render such judgment thereon as shall be just, and may allow a trial by jury thereon.    If no such exception is filed the court shall order the assignee to make fair and equal dividend among the the creditors of the money in his hands. Code, § § 2121, 2122.

As no claim is made to the contrary, it will be presumed the assignee gave the notices required by statute, and made the reports to the District Court as therein contemplated. It is, therefore, evident said court had jurisdiction of the subject matter and the parties, at the time the order was made in November, 1878.    The order was one the court, under the statute, had undoubted authority to make.    This being so, it was not void, but at most erroneous, and can only be set aside on appeal or some other appropriate proceeding in which such relief is asked.    Such proceeding, we incline to think, should be in the form of a petition for a new trial; but be this as it may no such relief is asked in the petition.    That such an order

had been made is not mentioned in the petition, and, there-
fore, no foundation is laid for setting aside said order under
the prayer for general relief. Until set aside said order con-
stitutes, and is, an adjudication of the rights of the parties,
and is binding on them. The petition seeks to avoid the
effect of the order, not by direct attack, but in another and
collateral proceeding. This, we think, cannot be done.

No affirmative relief was asked in the answer, and, notwith-
standing it was not asked, the court made an order not only
denying the relief asked by the plaintiff but also ordering
the assignee to make a *pro rata* dividend among all the cred-
itors.

If this last order is held to be erroneous the plaintiffs are
in no manner prejudiced thereby, because the previous order
would still be in force, and, as we have said, the rights of the
plaintiffs were adjudicated and determined thereby. To pre-
vent any possible misunderstanding, we deem it proper to
say that, so far as the record before us is concerned, the order
made in November was undoubtedly correct.

There being no objections made to any claim, or the right
of any claimant to a *pro rata* dividend, such order, under the
statute, followed as a matter of course.

AFFIRMED.

ON REHEARING.

SEEVERS, J.—The correctness of the conclusion reached in
the foregoing opinion is controverted in a very able argument
2. PRACTICE: contained in a petition for a rehearing, upon the
submission
on agreed ground the matter relied on as an adjudication
facts: plead-
ing. was not pleaded. It is true no such defense is
pleaded, but the abstract states it was "stipulated and agreed"
the cause should be submitted to the "court upon the assign-
ment, petition, answer, and the following agreed statement of
facts." Among such facts is the order of. the court made at
the November term, 1878, making a *pro rata* dividend

among the creditors who filed their claims within three months.

When a cause is submitted on the pleadings, and certain facts agreed upon, the court must determine from the whole record which party is entitled to relief, and the extent thereof. As it was agreed a certain fact existed, which we hold to be sufficient as an adjudication, it is immaterial whether such a defense was pleaded or not. The object of agreeing on the facts is to obviate the necessity of filing any pleading, or in the case at bar of any additional pleading, by either party. In effect, these parties said to the court, "upon the record, is the plaintiff entitled to relief; if so to what extent?" It is further said the order cannot be regarded as an adjudication because the plaintiffs were not bound to appear and object thereto. When the assignment is filed the court, under the statute, is vested with power to determine all questions arising thereunder. The powers of the court are of the nature of those exercised by a court whose province it is to adjust and distribute the estate of a bankrupt.

Of necessity, the court must be vested with the power to determine priorities among creditors. If this be not so, no dividend could be directed until the question as to priority had been determined in some other proceeding. To our mind it is clear the plaintiffs should, in the first instance, have made objection as contemplated by the statute in the assignment proceeding. When this is done the court could direct when and in what manner the issue should be made up and tried. The possession or custody of the property assigned, by the court through the assignee, is not unlike the custody of property by a court through its receiver. If there may be proceedings in another court which affect the assignment, or rather the disposition of the property, the court in which the assignment is filed cannot at any time with safety make a dividend or any other order which affects the substantial rights of the parties.

The case of *Wurtz, Austin & McVeigh v. Hart*, 13 Iowa,

515, is distinguishable from the case at bar for several reasons, the most important of which are that the action was commenced before any dividend had been ordered, and it was sought to enjoin the assignee from making any payments under the assignment on the ground there was certain property which had been turned over to one creditor in payment or security for his claim, and for which no credit had been given. Such property not having been included in the assignment could only be reached, and the creditor holding it compelled to account therefor, by an original and independent action.

It is due to the counsel for the appellant that we should say the result reached was not caused by any fault or mistake on their part. The petition for a rehearing is

OVERRULED.