## PETERSON v. FOLI.

1. **Conversion of Property:** WRONGFUL SALE UNDER ATTACHMENT: PLEADING: BURDEN OF PROOF. In an action against a plaintiff in attachment for the wrongful sale of a horse under an execution in the attachment case, the defendant in answer admitted that the horse was sold on an execution issued in his favor in the attachment proceedings. *Held* that it must be presumed that the judgment and execution followed the ordinary course of the law in such cases, and that the execution was issued by defendant's direction; and that the burden of proof was on defendant to negative these presumptions, if he would escape personal liability for the wrongful sale of the horse in question.

2. **Chattel Mortgage:** SUFFICIENCY OF DESCRIPTION: QUESTION FOR JURY. The question whether the horse involved in this case could be identified by the description contained in the mortgage under which he was claimed was one of fact to be determined by the jury, and the instructions of the court, (see opinion,) holding that certain inaccuracies in the description were immaterial, were erroneous, because invading the province of the jury.

*Appeal from Winnebago Circuit Court.*

WEDNESDAY, DECEMBER 9.

PLAINTIFF brought this action to recover the value of a horse on which he claims to have had a chattel mortgage, and which he alleges defendant caused to be levied on and sold on process issued in a proceeding against the mortgagor. There was a verdict and judgment for plaintiff. Defendant appeals.

*Pickering & Hartley*, for appellant.

*Ransom & Olmstead*, for appellee.

REED, J.—I.  Plaintiff alleges in his petition that one Garnes executed and delivered to him a chattel mortgage on a horse, to indemnify him against liability on a promissory note which he had signed as security for said Garnes, and that he subsequently paid off and discharged the debt evidenced by said note.  He also alleges that defendant commenced a suit against said Garnes on a money demand, in which he procured a writ of attachment to be issued, and caused the same to be levied on said horse, and that he afterwards obtained judgment on his demand, and caused said horse to be sold on execution in satisfaction thereof.  Defendant in his answer admitted that he caused a writ of attachment to be issued against said Garnes, and that the officer to whom said writ was delivered to be served levied the same on a horse belonging to Garnes, and that the same was afterwards sold on execution issued on the judgment obtained in the proceedings, and the proceeds applied on the execution, but he denied the other allegations of the petition.  The circuit court instructed the jury that the answer was in effect an admission by defendant that he had caused a horse belonging to Garnes to be attached and afterwards sold on execution.

1. CONVERSION of property: wrongful sale under attachment: pleading: burden of proof.

Appellant assigns the giving of this instruction as error. He claims that the only act on his part in connection with the seizure and sale of the property, which is admitted in the answer, is the suing out of the writ of attachment; that, while the seizure of the property on the attachment and its subsequent sale are admitted, these acts are alleged to have been committed by the officer, and there is no admission that defendant procured or directed them to be done; and that, under the issue as it is made by the answer, the burden was on plaintiff to establish that defendant is responsible for the

trespass, if one was committed, in the seizure and sale of the property, whereas by the instruction he was relieved of that burden. It is certainly true that the answer does not in express terms admit that defendant directed or procured the officer to seize and sell the property. But it does admit that it was sold on an execution issued on the judgment rendered in defendant's favor in the attachment proceedings. The presumption is that the execution was special, and that it directed the sale of the attached property; also that the judgment upon which it was issued contained an order directing the sale of the attached property for the satisfaction of the judgment, for that is the course of procedure prescribed by the statute in cases in which property has been attached. Code, § 3011. The presumption also is that the execution was issued by defendant's direction. The answer should be treated as an admission of these facts, for their existence is presumed from those which are admitted. As defendant procured the order to be entered which directed the sale of the property, and the execution to be issued upon which it was sold, he is clearly responsible for its sale; and by these acts he is also held to have ratified the act of the officer in levying the attachment upon it. See Cooley, Torts, p. 129. We think the holding of the circuit court as to the effect of the answer is correct.

II. A question which arose on the trial was as to the accuracy of the description of the horse contained in plaintiff's

2. CHATTEL mortgage: sufficiency of discription: question for jury.

mortgage. The court told the jury, in effect, that if a person of ordinary discernment, who had no actual knowledge as to what horse was intended to be covered by the mortgage, could have identified the animal from the discription contained in the mortgage, the record of the instrument would impart constructive notice to all persons of plaintiff's right under it. It also gave the following instruction: "With reference to the color of the horse as described in the mortgage, if you should find that the horse was a shade lighter or a shade

darker than what is ordinarily described as dark bay, this would not be such a misrepresentation of the horse as to make the record of the mortgage inoperative to give constructive notice to third parties." "And if you should find that in fact the horse did not have a star in the forehead as stated in the mortgage, but did have some white hairs in the forehead, this discrepancy would in itself not be sufficient to invalidate the record of the mortgage in giving constructive notice to third parties." Appellant assigns the giving of these instructions as error. The question whether the horse could have been identified from the description contained in the mortgage was one of fact to be determined by the jury. But by these instructions the court in effect held, as a matter of law, that certain inaccuracies in the description were not material. The question, we think, should have been left to the jury.

For the error in giving these instructions the judgment will be reversed, and the cause remanded for a new trial.

REVERSED.