HOWARD COUNTY v. KYTE ET AL.

69 307
d98 11
J98 25

1. **Attachment**: LANDLORD'S SHARE IN GROWING CROPS: HOW REACHED.
When land is rented on shares, the tenant is the exclusive owner of the
crop while growing, and the landlord has no control over it, nor title to
the part of the crops reserved as rent, until it is set apart to him. (See
cases cited.) Hence the landlord's interest therein can be reached by
attachment only by process of garnishment upon the tenant.

*Appeal from Howard Circuit Court.*

TUESDAY, JUNE 22.

THE defendant Frank Kyte was treasurer of Howard county.
He became a defaulter in a large amount of money, and the
plaintiff commenced an action in attachment against him.
J. De Noyelles, a creditor of Kyte, also commenced an action
in attachment. The writs of attachment were levied upon
certain personal property of Kyte, and this controversy
involves the question as to the rights of the plaintiff and the
intervenor in the proceeds of the sale of certain grain by the
sheriff. The sale was made upon the attachment issued in
the action instituted by the plaintiff. There was a trial by
the court, and a judgment was rendered for the intervenor
for one-half of the proceeds of the grain. Plaintiff appeals.

*H. T. Reed*, for appellant.

*McCartey & McCook*, for appellees.

ROTHROCK, J.—Both the action by plaintiff and that by the intervenor were commenced on the eleventh day of July, 1877, and the returns of the sheriff on the writs of attach-ment show that the writs were placed in the hands of the sheriff at the same time.    It is true that on July 13, 1877, the plaintiff filed another petition, precisely like the original one, and on which the judge of the circuit court indorsed an order allowing a writ of attachment, and a second writ issued on that day, which was also levied upon property of Kyte. The second petition was no doubt filed and the writ issued in the belief that the cause of action might be held to be one in which an order for an attachment was necessary, as provided by section 2955 of the Code, which requires that in actions not founded on contract the petition must be presented to a judge, who shall make an allowance thereon of the amount in value of the property that may be attached.    This provis-ion of the statute is for the purpose of limiting the amount of property to be attached in actions of tort, where the amount of recovery is not capable of computation upon the filing of the petition.    The action of the plaintiff was founded upon the bond of the treasurer, which was a contract that the treasurer would properly account for all money that should come into his hands by virtue of his office.    The first writ and levy were not abandoned by the issuance of the sec-ond, as appears by the return made by the sheriff upon the first writ, and the sheriff was expressly directed not to aban-don the first levy.    The return of the sheriff upon the writ of attachment in the action of the plaintiff was filed Decem-ber 29, 1877, and it recited, in substance, that the writ was received on the eleventh day of July, 1877, at eleven o'clock A. M., and that on the same day he levied the writ upon all the interest of the defendant in crops on certain real estate, (describing the real estate,) and that he had received certain wheat, oats and barley from renters, (giving number of bushels,) and that on July 13th he had garnished certain par-ties, (naming them.)    The return on the writ of the inter-

venor stated that he received the writ at the same time that he received plaintiff's writ, and that on the same day he levied upon the defendant Kyte's interest in all crops sown and grown on the same land, and attached Kimball & Farnsworth as garnishees.

The growing crops which it is claimed were attached on both writs were growing upon land owned by Kyte, and which he had leased to tenants, and he was to receive as rent a share of the grain raised. The plaintiff garnished the tenants, and it appears from the return on the writ that the tenants or renters delivered the landlord's share to the sheriff. It appears that the only person garnished by the direction of the intervenor was the firm of Kimball & Farnsworth, and the intervenor did not direct the sheriff to garnish any others.

It will be observed by the return of the sheriff that he made what he designated as a levy of the landlord's interest in the growing crops. We think that the landlord's interest in the crops was not subject to an actual levy, and that the only way that it could be attached was by the garnishment of the tenants. When land is rented on shares, the tenant is the exclusive owner of the crop while growing, and the landlord has no control over it, nor title to the part of the crops reserved as rent, until it is set apart to him. *Rees v. Baker*, 4 G. Greene, 461; *Townsend v. Isenberger*, 45 Iowa, 670; *Atkins v. Womeldorf*, 53 Id., 150. It is true that the landlord has a lien for the rent reserved, but he has neither title nor right of possession of the crop while growing. In such case a sheriff or other officer who attempts to levy an attachment or execution can make no valid levy, because he has no right to take possession of the crop. He has no more authority to do so than the landlord has. The rent reserved, being a share of the crop, is the same as when the rent is reserved in money, so far as the rights of the landlord or his creditors to take possession are involved, and the tenant is in no manner in default until he refuses to deliver the share of

the grain in compliance with his contract. That the right of the landlord to the rent is required to be attached by garnishment is plainly implied from the provisions of section 2975 of the Code.

As the sheriff is required to summon such persons as garnishees as the plaintiff in attachment shall direct, (Code, § 2975,) we will presume that he garnished the tenants by the direction of the plaintiff; and, as it appears that he was not directed by the intervenor to garnish the tenants, we think that the intervenor acquired no right in the growing crops. It is apparent from the return of the sheriff that the grain was delivered to him in pursuance of the garnishment. It was delivered by the tenants in the bushel ready for market.

The judgment of the court below will be

REVERSED.