PACKERS NATIONAL BANK, Appellant, v. CHICAGO, MIL-
WAUKEE & ST. PAUL RAILROAD COMPANY, SECURITY
NATIONAL BANK, L. M. BROWN and WAITT-WILEY
LIVE STOCK COMMISSION COMPANY.

**Recovery of Mortgaged Cattle:** DESCRIPTION: *Instructions.* Where
100 steers are described in a chattel mortgage as being branded
U, and 41 of 43 steers afterwards sold by the mortgagor bear
a similar brand and one of the others is branded O, and the
other is not branded, it is error, in an action by the mortgagee
to recover the steers from the purchaser, to instruct that, if
plaintiff is entitled to recover, he is entitled to recover 42
animals.

*Same.* An instruction in an action by a mortgagee to recover mort-
gaged cattle wrongfully sold by the mortgagor, that though the
brand on the cattle is incorrectly described in the mortgage, the
description is sufficient if, on rejecting the brand there remains
a sufficiently correct description as to color, number, sex, lo-
cality, etc., is erroneous in allowing the jury to entirely reject
a portion of the description, in determining its sufficiency.

CONSTRUCTIVE NOTICE. The mortgage did not impart constructive
notice that it covered the animal branded O and the one not
branded.

*Appeal from Woodbury District Court.*—HON. F. R. GAY-
NOR, Judge.

SATURDAY, OCTOBER 12, 1901.

ACTION to recover the possession of 43 head of cattle
under a chattel mortgage executed by one Jake Francisco.
The case was tried to a jury, resulting in a verdict for the
plaintiff, which the court set aside. Plaintiff appeals.—
*Affirmed.*

*T. J. Mahoney* and *Hallam & Stevenson* for appellant.

*F. G. Henderson, William Milchrist, Wright, Call &
Hubbard,* and *Shull & Farnsworth* for appellees.

DEEMER, J.—Jake Francisco made a chattel mortgage to one L. Rockwell on "one hundred head one-year-old steers of various color, and branded U thus on left side." "All of said stock  *  *  * are owned by party of the first part,  *  *  * and in the undisputed possession of the said first party on the premises of the said party on Sec. 7, Twp. 27, range 7, in Dakota county, Nebraska,  *  *  * having been purchased by the party of the first part from L. Rockwell." The notes which the mortgage was made to secure were transferred before maturity to the plaintiff. After the making of the mortgage, Francisco brought 43 steers to the Sioux City stock yards, and sold them to defendant Brown. At the time of his purchase Brown had no notice that any of the steers were covered by the Rockwell mortgage. The action is to recover these steers so purchased by Brown upon the allegations that they are covered by plaintiff's mortgage. The mortgage was made, executed, and filed for record in accordance with the laws of the state of Nebraska, and the primary question in the case is, does it so describe the property as to charge subsequent purchasers with notice? Forty-one of the steers purchased by Brown were branded thus:  ∩  on the left shoulder; one was branded O on the right hip; and one had no brand upon it. The court instructed, in effect, that if the jury found plaintiff entitled to recover they should award him the possession of 42 head of the animals, and fix the value thereof. Under this instruction plaintiff was not only entitled to recover possession of the 41 steers branded  ∩, but also of the one having no brand or of the one branded O on right hip. This was manifestly erroneous. The jury might have found the description sufficient as to 41 of the animals, and insufficient as to the others, but they were required, if they did so, to return a verdict for plaintiff for all. Moreover, we are of the opinion that the mortgage was not constructive notice that it covered either of these steers.

II.   The sixth instruction reads as follows:   "If you should find that the brand on the cattle is not correctly described in the mortgage, still if, rejecting the brand, there remains sufficient correct description as to age, number, sex, location, and possession, coupled with the fact (if you should find it to be a fact) that during the time the cattle were on the premises of Francisco, in Dakota county, Nebraska, he had no other steers on said premises, and no other so nearly answering the description that a third party could take the mortgage, and, aided by inquiries which it would naturally suggest, find and indentify the cattle while in the possession of Francisco and on his premises in Dakota county, then the description would be sufficient, and your verdict should be for plaintiff."   This instruction is erroneous, as it seems to us, in that it allows the jury to entirely reject certain portions of the description, and resort to other parts, and from those not rejected find the mortgage sufficient without reference to the mis-description.   The true rule, as we understand it, is that all of the description should be considered in determining whether or not a third person, aided by the inquiries which the instrument itself suggests, would be enabled to identify the property.   It is error for the court to instruct that a defect or inaccuracy is immaterial.   The whole description should be left to the jury for it to determine the sufficiency of the description.   *Peterson v. Foli,* 67 Iowa, 402; *Kern v. Wilson,* 73 Iowa, 490.   A mis-description is often of controling importance, and should always be considered with the other facts in the case.   *Adams v. Bank,* 53 Iowa, 491; *Ivins v. Hines,* 45 Iowa, 73; *Rowley v. Bartholemew,* 37 Iowa, 374.   The whole description should be considered, and if the part which is incorrect is not, when construed with the other portions, and with the results of inquiries naturally suggested by the mortgage itself, such as would naturally mislead a purchaser, it may then be regarded as surplusage, or re-

jected as some of the authorities put it. *Adamson v. Fagan,* 44 Minn. 489 (47 N. W. Rep., 56). See also *King v. Aultman,* 24 Kan. 178.

There was no error in sustaining defendant's motion for a new trial.—AFFIRMED.