HENRY PIERRE, Appellant, v. ANTON PIERRE et al., Appellees.

No. 40375.

OCTOBER 21, 1930.

*Hatley & Van de Steeg,* for appellant.

*C. W. Pitts* and *Olin G. Reiniger,* for Anton Pierre and John L. Pierre, garnishee, appellees.

*Klay & Klay,* for L. A. Andrew, State Superintendent of Banking, intervener, appellee.

GRIMM, J.—Chronologically, the facts in this case are as follows: On June 1, 1928, Henry Pierre filed in the district court of Sioux County, Iowa, his petition at law to recover upon a certain promissory note executed by Anton Pierre. On Sep-

tember 4, 1928, a judgment in excess of $3,500 was rendered against Anton Pierre by default; thereafter, certain payments were made on this judgment. It appears that, on October 2, 1928, Anton Pierre, who was the owner of the west one half of Section 9, Township 94, Range 47, Washington Township, Sioux County, Iowa, containing 320 acres, more or less, entered into a written lease with John L. Pierre, leasing said premises to John from the 1st day of March, 1929, to the 1st day of March, 1930. On October 18, 1928, the said Anton Pierre, then a widower, living at Hawarden, in Sioux County, Iowa, executed and delivered a chattel mortgage to L. A. Andrew, receiver of the Hawarden State Bank, of Hawarden, Iowa, which certain chattel mortgage covered certain stock, machinery, grain, and other property, which will hereinafter be referred to in greater detail. On May 27, 1929, there was still due a balance on the judgment in favor of Henry Pierre against Anton Pierre in excess of $3,000. On August 5, 1929, general execution was issued on the Henry Pierre judgment, and the sheriff garnished John L. Pierre, and served notice on the defendant Anton Pierre. On the same day, John was cited to appear for examination September 2, 1929.

On August 7, 1929, John L. Pierre gave notice to the sheriff that he was the owner of certain grain consisting of corn, oats, and barley, all in the field in the west one half of Section 9, Washington Township, Sioux County, Iowa, by virtue of the lease hereinbefore referred to, from Anton Pierre to John L. Pierre. On September 2, 1929, John L. Pierre, as garnishee, answered in open court. On September 30, 1929, plaintiff, Henry Pierre, filed a pleading controverting the answer of garnishee John L. Pierre. On October 15, 1929, L. A. Andrew, superintendent of banking, filed his petition of intervention, claiming the property in question by reason of the chattel mortgage dated October 18, 1929, a copy of which was attached to the petition of intervention. On November 4, 1929, a stipulation and agreed statement of facts was entered into between Anton Pierre, John L. Pierre, Henry Pierre, and L. A. Andrew, superintendent of banking, which stipulation was designated ''Henry Pierre, Plaintiff, vs. Anton Pierre, Defendant, John L. Pierre, Garnishee, L. A. Andrew, Superintendent of Banking of the State of Iowa, Intervener, No. 9332.'' On November 5, 1929, the plaintiff, Henry Pierre, filed a motion to dismiss the petition of interven-

tion, and, subject thereto, to make the petition more specific and definite. On November 13, 1929, plaintiff's motion to dismiss and to make more specific, filed November 5, 1929, was submitted and overruled, and plaintiff was given to November 13, 1929, to plead further, if so advised. On November 25, 1929, the plaintiff having elected to stand upon the motion, judgment was granted the intervener against the garnishee, John L. Pierre, for certain property, and plaintiff appeals.

I. On March 21, 1930, appellee L. A. Andrew filed an amendment to the abstract, in which the stipulation of November 4, 1929, was set out in full. No part of this had been set out in  appellant's abstract. On August 8, 1930, the appellant filed a motion to strike the amendment to appellant's abstract, and this motion was submitted with the case. It is the contention of the appellant that:

"The Supreme Court can look alone to petition to ascertain whether, in substance, its allegations of fact are sufficient, where trial court sustained demurrer or motion to dismiss."

. Generally speaking, that proposition is correct; but it is the contention of appellee that the stipulation hereinbefore referred to became a part of the record and, in effect, an amendment to the petition before the court ruled on the motion to dismiss. In other words, the contention is that the parties, by stipulation, obviated the necessity on the part of the intervener to amend his petition of intervention, and that the stipulation, for the purposes of the motion, became a part of the intervener's petition of intervention.

Manifestly, if the parties, in substance, agreed that the stipulation should become a part of the petition of intervention, and the petition so amended was submitted to the court, the motion to strike the amendment to the abstract must be overruled. Certainly, with the consent of the court, the parties had the right to stipulate certain facts in the record, which should become a part of the record and be considered by the court in passing upon the motion to dismiss the petition of intervention. See *Perry v. Murray*, 55 Iowa 416. An examination of the stipulation itself is helpful. It contains, among other things, the following:

"It is further admitted that said sum of $488.95 is now in the hands of the clerk of this court, subject to a further order of the court, and John L. Pierre is now released from any further liability therefor."

There is also contained in this stipulation a provision that John L. Pierre shall hold 600 bushels of oats "subject to the further order of this court." The stipulation contains a provision that Henry Pierre is entitled to receive, under the garnishment proceedings, a certain amount and the said 600 bushels of oats and one half of the 1929 crop of corn raised on the premises *"unless* his right thereto is junior and inferior to the interest of L. A. Andrew, superintendent of banking, * * * under and by virtue of the chattel mortgage executed by Anton Pierre to said receiver, * * * a copy of which [mortgage] is attached to the petition of intervention filed herein by said receiver."

Upon a careful examination of the entire record on this subject, we are constrained to hold that the stipulation became a part of the petition of intervention in so far as the motion to strike said petition of intervention is concerned, and it follows that appellant's motion to strike appellee's amended abstract is overruled.

II. The stipulation hereinbefore referred to is as follows:

"Henry Pierre, Plaintiff, vs. Anton Pierre, Defendant, John L. Pierre, Garnishee; L. A. Andrew, Supt. of Banking of the State of Iowa, Intervener, No. 9332.

"Stipulation.

"It is stipulated and agreed by and between Anton Pierre, judgment defendant, and John L. Pierre, garnishee, and Henry Pierre, plaintiff herein, by Hatley & Van de Steeg, his attorneys,  and by L. A. Andrew, superintendent of banking of the state of Iowa, intervener herein by Klay & Klay, his attorneys, that said John L. Pierre is indebted to Anton Pierre under the written lease, a copy of which is attached to plaintiff's pleading herein, controverting answer of garnishee, J. L. Pierre, for the year ending March 1, 1930, the following particulars:

"For one half (½) barley crop for year of 1929, $489.10.

"For one half (½) 1929 crop of oats, 600 bushels.

"For one half (½) of the 1929 crop of corn now in the field on said premises, or in process of being picked and cribbed, which corn is to be shelled and delivered by the Pierres where best net price can be obtained therefor on reasonable notice.

"It is further admitted that said sum of $488.95 is now in the hands of the clerk of this court, subject to a further order of the court, and John L. Pierre is now released from any further liability therefor.

"It is further stipulated and agreed that said John L. Pierre shall hold said 600 bushels of oats and one half (½) of said 1929 corn crop subject to the further order of this court; and that, upon said John L. Pierre delivering said 600 bushels of oats and one half (½) of said 1929 crop of corn, pursuant to the order of the court, or upon the payment therefor, in such sum as may be hereafter agreed upon, said John L. Pierre, garnishee, shall stand discharged from all further liability herein.

"It is further stipulated and agreed that Henry Pierre, plaintiff, and garnishing judgment creditor herein, is entitled to receive, under garnishment proceeding herein, said sum of $488.95, and said 600 bushels of oats and one half (½) of the 1929 crop of corn raised on said premises, unless his right thereto is junior and inferior to the interest of L. A. Andrew, superintendent of banking in the state of Iowa, and receiver of the Hawarden State Bank, under and by virtue of the chattel mortgage executed by Anton Pierre to said receiver, on to wit October 18, 1928, to secure the payment of $5,000, which said chattel mortgage was duly filed and indexed in the office of the county recorder of Sioux County, Iowa, on to wit October 20th, 1928, and a copy of which is attached to the petition of intervention filed herein by said receiver.

"Dated this 4th day of November, A.D. 1929, and signed in quadruplicate."

This stipulation is signed by Anton, John L., and Henry Pierre, and Andrew, superintendent of banking, intervener.

It will be noted that it is stipulated that the chattel mortgage was duly filed and indexed in the office of the county recorder of Sioux County, Iowa, on October 20, 1928, which was

about ten months before the execution was issued on Henry Pierre's judgment.

It will also be noted that, on the day of the stipulation, the landlord's share of the barley had been set aside and estimated in value. The landlord's share of the oats had been determined, and an agreement was made in reference to the share of the corn still in the field.

By the pleadings and by the agreement of the parties contained in the stipulation, the sole and only question before us is whether the interest of Henry Pierre, garnisheeing judgment creditor, is superior to that of L. A. Andrew, mortgagee.

In *Riddle v. Dow*, 98 Iowa 7, this court said:

"It is the law in this state that no lien is obtained by the process of garnishment, but only a right to proceed against the garnishee personally. *Clark v. Raymond*, 86 Iowa 667 (53 N. W. Rep. 354). According to numerous decisions of this court, the mortgage in question must have attached to the landlord's share at the moment it was ascertained and set apart, if it did not attach before; and, since the garnishment did not create a lien, the mortgage became a first lien upon the property in controversy."

In *In re Estate of Grooms*, 204 Iowa 746, this court said:

"The share reserved to the landlord is rent. He has no such interest in it as may be in an action against him attached before it is set off to him. His interest up to the time of setting off his share is that of a lien holder, *though he may mortgage it*. *Rodgers v. Oliver*, 200 Iowa 869, 872; *Clark v. Strohbeen*, 190 Iowa 989, 995; *Riddle v. Dow*, 98 Iowa 7; *Howard County v. Kyte*, 69 Iowa 307." (Writer's italics.)

See, also, *Rodgers v. Oliver*, 200 Iowa 869.

By the stipulation of the parties, not only had a portion of the rental been set aside, but a definite price had been agreed upon for it. It clearly appears, if the mortgage is assumed to be valid, that, under the rulings in this state, the landlord's interest in crops raised on the share may be mortgaged, and that the mortgage lien attaches immediately upon the division of the crops; and, as no lien was created by the garnishment, manifestly

the mortgagee's claim takes priority over that of the execution creditor.

III. The mortgage contains, among other things, the following:

"I, Anton Pierre, widower, * * * hereby sells and transfers to the said mortgagee, the following described personal property now owned by me, to wit: [Here follows a description of live stock and personal property in the  way of machinery, etc.], being all of the live stock and machinery I now own of every description, all of which property is free from encumbrance and in my possession on the farm where I live in W½ of Section 9-94-47, Washington Township, Sioux County, Iowa. * * *

"I further sell and transfer to the said mortgagee, all grain, feed and hay owned by me on the premises above mentioned, including that which is to be grown on said premises until the indebtedness herein named and all other indebtedness held by the said mortgagee is fully paid and this mortgage is satisfied of record."

There is a clause similar to the last one, covering the live stock.

The lease provided, among other things, as follows:

"Each party to furnish ½ seed used on the premises, the second party agrees to give first party one half of all crops raised on said premises during the season of 1929."

The lease contains many other provisions in reference to milk, chickens, the manner in which the farm is to be operated, etc. Was this a valid mortgage of the landlord's interest in the growing crops of 1929? It will be recalled that the lease was made October 2, 1928, and ran from March 1, 1929, to March 1, 1930. The mortgage was made on the 18th day of October, 1928, and indexed on the same day.

In *Farmers Tr. & Sav. Bank v. Miller*, 203 Iowa 1380, this court said:

"That a chattel mortgage which covers property not in existence at the time it is made is not void, see *Scharfenburg v.*

*Bishop,* 35 Iowa 60; *Brown v. Allen,* 35 Iowa 306; *Wheeler v. Becker,* 68 Iowa 723; *Norris v. Hix,* 74 Iowa 524. Such instrument is held to cover the crops when they come into existence; and that a chattel mortgage covering all crops grown during a certain time is valid and sufficient, is held in *Norris v. Hix,* supra. It is our conclusion, therefore, that this instrument did constitute a chattel mortgage lien on all crops grown on the land in question from the time of its date,—or rather, its recording,— until the debt secured by it was fully paid. Being a valid chattel mortgage, and having been properly indexed, as required by law, it was notice to the world of plaintiff's rights thereunder; and Clifford Miller had constructive notice, by reason of the recording of said chattel mortgage, at the time he claims to have bought this standing crop of corn."

The mortgage before this court now specifies where the crops are being grown. It contains this clause:

"I further sell and transfer to the said mortgagee, all grain, feed and hay owned by me on the premises above mentioned, including that which is to be grown on said premises until the indebtedness herein named and all other indebtedness held by the said mortgagee is fully paid and this mortgage is satisfied of record."

The premises were definitely described.

It is the contention of the appellant that the mortgage is void because, it is claimed, the grain was not owned by the mortgagor at the time he made the mortgage, and that the mortgage  is void for uncertainty. Numerous cases are cited in support of this proposition. We do not undertake here to discuss or harmonize all of our cases on this much litigated question. They have been collected and commented upon at various times. Suffice it to say, we adhere to the doctrine announced in *Panama Sav. Bank v. De Cou,* 209 Iowa 450, to wit:

"The description of the property as contained in the mortgage must direct the mind to evidence whereby the precise thing conveyed may be ascertained, and if thereby absolute certainty may be attained, the instrument is valid; otherwise it is void as to the third parties for uncertainty."

Whatever may appear in the decisions prior to *Farmers Tr. & Sav. Bank v. Miller,* 203 Iowa 1380, and *In re Estate of Grooms,* 204 Iowa 746, indicating to the contrary, the law now is that the landlord may mortgage his share of the crops reserved as rent, and if the description conforms to the holding in *Panama Sav. Bank v. De Cou,* 209 Iowa 450, such a mortgage is superior to the rights of a creditor seeking to enforce collection by garnishment of the tenant. We think this mortgage meets these requirements. Therefore, the court correctly ruled in this case, and his holding must be, and is,—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.