JOHN PANTHER et al., Appellees, v. DEPARTMENT OF AGRICULTURE OF IOWA et al., Appellants.

No. 40218.

JANUARY 20, 1931.

*John Fletcher,* Attorney-general, *Earl F. Wisdom,* Assistant Attorney-general, and *L. O. Lampman,* County Attorney, for appellants.

*William H. Salisbury, W. H. Downing,* and *C. F. McCormack,* for appellees.

*Sager & Sweet* and *H. L. Leslie, Amici Curiæ.*

KINDIG, J.—The plaintiffs-appellees and the interveners-appellees, residents and taxpayers of O'Brien County, are farmers, and owners of feeding, breeding, and dairy cattle. As such, the plaintiffs and interveners herein seek to enjoin the defendants-appellants, the secretary of the state agricultural department and others who have to do with the enforcement of Chapter 129 in the 1927 Code (Sections 2665 to 2704-b3, inclusive), as amended (Acts Forty-third General Assembly, Chapter 75), from administering said law because the same is unconstitutional and void. That chapter of the Code was adopted by the state legislature in order to control and eradicate bovine tuberculosis. For the purpose of accomplishing that result, tubercular cattle may be quarantined, destroyed, or otherwise disposed of by the state agricultural department. Hence, as part of the operating machinery, the legislation authorizes inspectors, or testers, who may apply the tuberculin or other tests to cattle, to ascertain the existence or nonexistence of tuberculosis.

According to the allegations of the petitions filed by the appellees (including the plaintiffs and interveners), the appellants are about to, and will, unless restrained, test and destroy the former's cattle in O'Brien County. This contemplated action on the part of appellants, appellees assert, is unconstitutional and void, and without right or authority in any legally existing law.

Appellees' contention at this juncture is that the Iowa

bovine tuberculosis legislation is unconstitutional because: First, it does not provide due process of law, and permits an unreasonable exercise of the police power; second, it constitutes the inspectors or testers the accusers, prosecutors, judges, and executioners, without right of appeal; third, it allows arbitrary action by the enforcing officers; fourth, it permits the adoption and enforcement of unreasonable and arbitrary rules and regulations; fifth, it interferes with the right to acquire, possess, and protect property, because the legislation is not uniform in operation; and sixth, it otherwise infringes upon the constitutional rights of the appellees. Continuing their claim in this respect, appellees maintain that the bovine tuberculosis legislation is void because in conflict with Sections 1, 6, 8, 9, and 18, in Article I, and Section 17, Article III, Section 1, Article IV, and Section 1, Article V, all in the Iowa Constitution, and the Fourth, Seventh, and Fourteenth Amendments to the Constitution of the United States. In addition to the foregoing, it is said by appellees that the legislation under consideration conflicts with other state and Federal constitutional provisions. Those facts and claims thus set forth by appellees are contained in their petition and petition of intervention filed in this cause.

Appellants attacked that petition and petition of intervention by a motion to dismiss, on the theory that appellees' pleadings did not entitle them to the relief therein demanded. Contained in the appellees' petition and petition of intervention are further averments to the effect that the tuberculin test in fact is not a true method of determining tuberculosis in cattle, because, when the test is applied, tubercular cattle will indicate freedom from that disease, while well animals signify that they are infected with the tubercular germ. Furthermore, appellees in their respective pleadings declare that the tuberculin test actually injures the cattle, because it will introduce in the system of the well animal the tubercular germ, which will become active and destructive therein. Again, it is said in these pleadings that the tuberculin test will cause well cows to abort and give stringy milk. Also, it is pleaded by appellees that the tuberculin test will actually kill well cattle. There are contained in the petition and the petition of intervention many other allegations of a similar character. Having thus pleaded, appellees argue that the appellants, by filing a motion to dismiss, admitted all

the allegations and averments before mentioned. Under such admissions, it is concluded by appellees that the legislative act in question is unconstitutional, as before indicated.

On the other hand, appellants say that, regardless of the appellees' pleadings and the motion to dismiss, this court can take judicial notice of the efficiency of the tuberculin test and hold the legislative act constitutional and enforcible. To support that proposition, appellants cite *State v. Layton,* 160 Mo. 474 (62 L. R. A. 163) ; *Tenement House Department v. Moeschen,* 179 N. Y. 325 (72 N. E. 231) ; *State ex rel. Gaulke v. Turner,* 37 N. D. 635 (164 N. W. 924) ; *People v. Charles Schweinler Press,* 214 N. Y. 395 (108 N. E. 639) ; *Stettler v. O'Hara,* 69 Ore. 519 (139 Pac. 743) ; *In re Viemeister v. White,* 179 N. Y. 235 (72 N. E. 97) ; *Jacobson v. Massachusetts,* 197 U. S. 11; *State v. Schlenker,* 112 Iowa 642; *People ex rel. Kemmler v. Durston,* 119 N. Y. 569 (24 N. E. 6) ; *Pittsburgh, C., C. & St. L. R. Co. v. State,* 180 Ind. 245 (102 N. E. 25).

Without conceding the legal proposition thus asserted by appellants, the appellees declare that, if any such rule ever did apply, the same was entirely overcome by evidence introduced  in the district court at the time the parties argued the motion to dismiss. This evidence consisted of three exhibits, numbered 1, 2, and 3. Exhibit 1 embodied the applicable statutes, together with the rules and regulations of the agricultural department; while Exhibit 2 embraced the rules of the United States department of agriculture; and Exhibit 3 was a copy of the judgment and decree, together with the findings of fact made by the district court in the case of *Loftus v. Department of Agriculture,* 211 Iowa 566. Consequently, appellees insist that, because the judicial recitation of the record made by the district court in the *Loftus* case indicated two sides to the proposition concerning the effect and efficiency of the tuberculin test, this court cannot take judicial notice of the points contended for by appellants. When there are two sides to a proposition, appellees maintain that the Supreme Court cannot judicially know that there is but one. However that may be, appellees' own proposition defeats them; for now there is not before the court only the effect of a simple motion to dismiss, but rather, in addition to such motion, there

is the stipulated evidence aforesaid. That evidence modifies, and, to a large extent, obviates, what would otherwise be an admission of the allegations contained in appellees' petition and petition of intervention, through the issues joined on the motion to dismiss. *Perry v. Murray*, 55 Iowa 416; *Pierre v. Pierre*, 210 Iowa 1304. The following was said during the discussion in the *Pierre* case:

"Certainly, with the consent of the court, the parties had the right to stipulate certain facts in the record, which should become a part of the record and be considered by the court in passing upon the motion to dismiss the petition of intervention."

With the foregoing record before us, it is apparent that the stipulated evidence demonstrates beyond peradventure of a doubt that the medical authorities in the United States differ

concerning the efficiency, desirability, and reliability of the tuberculin test. Then, under those facts, it cannot be said that the action of the legislature was unreasonable or unconstitutional. During our discussion in *Loftus v. Department of Agriculture* (211 Iowa 566), supra, we suggested:

"The evidence being thus [in the Loftus case] in dispute, it is not for the courts to say that the legislature did not have the constitutional power to pass the act. [Citing cases.]"

Here, the case at bar is controlled by the *Loftus* decision. Likewise, in the *Loftus* case this court reversed the district court, and found contrary to that tribunal concerning the effect of

the tuberculin test on healthy cattle. Although the district court, in the *Loftus* case, as shown by the exhibit introduced in evidence in the case at bar, found, on the record there reviewed, that the tuberculin test was injurious to the animals, this court reached the contrary conclusion on the same record, as shown by the citation above, and decided that such test did not cause death, abortion, or stringy milk. So, too, in the *Loftus* case this court held that the statute under consideration is not unconstitutional because permitting the department of agriculture and its officers to adopt or enforce unreasonable rules and

regulations. One of appellees' contentions is that the department of agriculture, through its rules, applies the tuberculin, to the exclusion of all other tests, and therefore the appellees are injured because the tuberculin test is inefficient, etc. What has already been said to a large extent disposes of this claim; however, further discussion will demonstrate that appellees' proposition is without merit. Section 2, in Chapter 75, Session Laws of the Forty-third General Assembly, contains, among other things, the following provision:

"Said department [of agriculture] shall proceed with the examination [of the cattle], including the tuberculin test, * * *"

Obviously, the statute does contemplate that the testers and inspectors will use such methods as will enable them to determine the existence of tuberculosis before the animal is destroyed. Consistent with that statutory provision, the rules adopted by the department of agriculture contemplate the tuberculin test; but the right of the tester to use any other reliable and efficient supplemental method is not denied or prohibited.

If the tester wrongfully destroys an animal which in fact is not tubercular, the owner has a remedy for his loss through the methods outlined in the *Loftus* case, supra. Under the record  here set forth, including the stipulated evidence, it is apparent that the propositions here discussed by appellees are all fully determined by the *Loftus* case, and further discussion is not necessary. Manifestly, the legislation is within the police power of the state, and does not contemplate arbitrariness and unreasonableness. Hence the same is constitutional.

From what has here been said, it is not intended to indicate that our holding here would have been any different had the stipulated evidence not been admitted. Nor do we here suggest that a cattle owner in the future cannot enjoin the department of agriculture from adopting or enforcing an unreasonable or arbitrary rule.

Wherefore, the judgment of the district court must be, and hereby is, reversed.—*Reversed.*

FAVILLE, C. J., and EVANS, STEVENS, DE GRAFF, ALBERT, MORLING, WAGNER, and GRIMM, JJ., concur.