OSWALD STRAND, Appellant, v. JONES COUNTY, Appellee.

No. 45154.

AUGUST 6, 1940.

876

L. T. Bosworth and R. F. Clough, for appellant.

Warren J. Rees, County Attorney, for appellee.

RICHARDS, C. J.—The chattel mortgage that is here involved was duly filed and indexed on October 1, 1938, in the office of the recorder of Clinton county, Iowa, that having been the county of the mortgagor's residence.  There was no actual knowledge of the mortgage on the part of the defendant at the time it purchased and allegedly converted the 13 steers. At the conclusion of the trial the parties were granted time within which to file briefs.  On a subsequent date the court entered an ''order and judgment'' in which a finding was made ''that the mortgage involved in this proceeding was not sufficient to impart notice to third parties, including the defendant herein'', and accordingly in the same entry the action was dismissed at the plaintiff's costs.  The parties agree in argument that the insufficiency the court had in mind was an insufficiency, as a matter of law, of the description of the property claimed to have been mortgaged.  That the court erred in so holding, and by reason of such holding dismissing the action at plaintiff's costs, is urged by plaintiff-appellant in his first assignment of error.  The following discussion is of that assignment:

From the chattel mortgage we quote the following portion:

''Know All Men By These Presents; That William Weets, Jr., and ........ his wife, of Oxford Jct., Iowa, postoffice, County of Clinton, State of Iowa, Mortgagor, in consideration of, and to secure the payment of the sum of Two Thousand Five 60/100 Dollars, in hand, paid by Oswald Strand, Mortgagee, the receipt whereof is hereby acknowledged,* * * do hereby mortgage, sell and convey unto the said mortgagee and assigns, the following personal property, situated and kept on

Northwest ¼ of Section 22 Township 83, Range 1 in Clinton County, State of Iowa, towit: 34 whiteface steers, 25,070 lbs @ $8.00. $2,005.60. The above described cattle are now in the sale yards of Oswald Strand located in Manly, Iowa, to be removed to the above described location. The consideration of the within mortgage is the purchase price of said chattels. And all other * * * cattle * * * together with * * * all additions or substitutions therefor * * * and the Mortgagor hereby covenants, agrees and warrants that he is the absolute owner of the property above described, that the same is now in his possession and shall not be removed from the location as above described without the written consent of mortgagee first obtained; * * *''.

On the trial the parties stipulated: ''That said William Weets, Jr., on or about September 24, 1938, purchased from plaintiff, Oswald Strand, at plaintiff's cattle sales yard at Manly, Iowa, 34 head of white faced steers and did on that date execute to plaintiff the chattel mortgage, plaintiff's exhibit 2, encumbering said 34 head of white faced steers, and also the promissory note, plaintiff's exhibit 1, which said chattel mortgage secures.'' These exhibits were the afore-mentioned chattel mortgage and note.

Uncontradicted testimony showed the following matters: On September 24, 1938, Weets appeared at plaintiff's sales yard at Manly, Iowa. Thereupon Weets and plaintiff selected 34 white-faced steers out of 60 cattle that were in a pasture. They then separated the 34 head from the others and drove them to plaintiff's said sales yard and weighed them, and placed them in a separate yard in which there were no other cattle. At this time Weets bought the 34 white-faced steers from plaintiff for $2,005.60 and executed the note and mortgage for said purchase price. On the following day a trucker, employed by Weets so to do, loaded the 34 steers out of the yard where they had been enclosed on September 24, 1938, and hauled and delivered them to the farm that Weets was occu-

pying, being the premises described in the mortgage as the Northwest ¼ of Section 22, etc.

If there was the alleged appropriation and conversion by defendant of 13 of the mortgaged steers, it was accomplished on November 12, 1938, and December 10, 1938. That is, on the first-named date defendant purchased at a sales barn in Anamosa, Iowa, two white-faced steers that Weets had delivered there for sale for his account, and on the December date defendant purchased at the same place, under identical circumstances, 11 other white-faced steers. Concerning these 13 steers, that are the subject matter of this action, there is in the record this stipulation: "The 34 head of white faced steers purchased by one William Weets, Jr., at Manly, Iowa, on September 24, 1938, are the same 34 head of white faced steers which were on September 25, 1938, trucked from the sale yards of the plaintiff * * * at Manly, Iowa, * * * to the farm premises occupied by the said William Weets, Jr., in Clinton County Iowa. And it is further stipulated and agreed that from said date, namely September 25, 1938, until the dates of the two sales to the defendant * * * that the cattle that were purchased by the defendant * * * were in the possession of the said William Weets, Jr., on said premises in Clinton County, Iowa."

To impart constructive notice, under our recording acts, the description in a chattel mortgage of the personal property must be of such character as to enable third persons, aided by inquiries which the instrument suggests, to identify the property. First Nat. Bank of Hudson v. Maxwell, 198 Iowa 813, 200 N. W. 401. In Westinghouse Co. v. McGrath, 131 Iowa 226, 229, 108 N. W. 449, 450, 117 Am. St. Rep. 421, we said: "The rule regarding the certainty of description of property in a mortgage is that if it contains enough to so direct the mind of the searcher of the record to the facts from which he may ascertain the property with reasonable certainty, it is sufficient." In Pierre v. Pierre, 210 Iowa 1304, 1312, 232 N. W. 633, 636, this was stated: " 'The description of the property as contained in the mortgage must direct the mind to evidence whereby the precise thing conveyed may be ascer-

tained, and if thereby absolute certainty may be attained, the instrument is valid; otherwise it is void as to the third parties for uncertainty.' ''

Had defendant made inspection of the records before buying the 13 white-faced steers that were being sold for the account of William Weets, Jr., defendant would have learned that on September 24, 1938, William Weets, Jr., had mortgaged 34 white-faced steers to Oswald Strand, now plaintiff in this action. Reading the mortgage, defendant could not have failed to observe that the 34 white-faced steers, mortgaged by the instrument, were therein particularized. That is, they were designated as 34 white-faced steers that had been purchased by Weets from the mortgagee, and that were located in Oswald Strand's sales yard in Manly, Iowa, at the time of the execution of the purchase price mortgage, on September 24, 1938, That their then weight was 25,070 pounds, that they were in Weets' possession and owned by him, was added information one reading the mortgage could not but acquire.

Defendant, upon examining the record, was ''bound to make every inquiry which the instrument itself could reasonably be deemed to suggest.'' Yant v. Harvey, 55 Iowa 421, 423, 7 N. W. 675, 676. We are of the opinion that the trial court should have viewed the mortgage as having directed the attention of a searcher of the record to facts from which he might, possibly, by inquiry, have ascertained what property it was that was mortgaged. An enquirer might perhaps have certainly identified the mortgaged property, by ascertaining what particular 34 white-faced steers were in the sales yards of plaintiff in Manly, Iowa, in possession of Weets, sold to him by plaintiff, weighing 25,070 pounds, all as of September 24, 1938, not long prior to defendant's purchase of the 13 white-faced steers. In addition the mortgage advised anyone reading it that the mortgaged property was to be removed to a particularly described farm in Clinton county. Inquiry there would be suggested by the mortgage, and it cannot be said as a matter of law that such inquiry would not have afforded anything of certainty of identification of the steers that were

880

mortgaged. Such inquiry might have revealed the fact, conceded in the record by defendant, that the steers bought by Weets from plaintiff at Manly on September 24, 1938, were in fact trucked from the Manly sales yards to the farm in question on the following day. What further facts would have been uncovered by inquiries at the farm are in controversy and need not, for the purpose of determining the correctness of the finding the court made, be elaborated. What has been set out is sufficient to render it evident that the description of the property in this chattel mortgage directed the mind to facts and evidence whereby the precise property mortgaged might have been ascertained. It was at least a question of fact, to be determined from the evidence that would be introduced, whether an inquiry would result in such an ascertainment. It was the plaintiff's right to have that issue tried and determined. The trial court's holding, and the resultant dismissal, deprived plaintiff of that right, and therein there was error. The "order and judgment" from which plaintiff appealed is reversed.—Reversed.

HALE, SAGER, MILLER, BLISS, and OLIVER, JJ., concur.