UNION BANK, Lincoln, Nebraska, Appellant, v. FLYNN COMMISSION COMPANY, Appellee.

No. 45359.

NOVEMBER 12, 1940.

Crary & Crary and C. C. Cartney, for appellant.

Stilwill, Brackney & Stilwill and Myers & Snerly, for appellee.

SAGER, J.—There is very little conflict in the record. One Boldt, living at Lynch, Nebraska, gave a mortgage to the plaintiff to secure a promissory note in the sum of $210. The description of the property appears in the mortgage as follows:

"Eighteen (18) Head of Cattle better described as follows:

"Six (6) Head of Milch Cows mostly reds, roans, and white faces in color, average weight about 1,100 pounds.

"Six (6) Head of two year old Heifers, reds, roans and red white faces in color, average weight about 900 pounds.

"Six (6) Head of Yearling Steers, average weight about 600 pounds, mostly reds, roans and red white faces in colors.

"All the above described stock are located on the farm rented by me about four miles North of Lynch, Boyd County, Nebraska, where they will remain during the life of this loan.

"There are no specific brands or marks on the above described cattle but this mortgage covers all the cattle that I now own or may hereafter own during the life of this loan."

On July 30, 1937, about a month after the giving of the mortgage, nine head of cattle were received by the defendant, Commission Company, and by them sold. The proceeds were remitted to Boldt and not to plaintiff, hence this lawsuit. The

cattle sold were described as consisting of two cows, weighing 1,780 pounds, six heifers weighing 735 pounds apiece, and one calf. At the time the chattel mortgage was given, the 18 cattle sought to be described were a part of a larger herd of 25 or 26 head, all in the same field or pasture. Boldt testified that some of these cattle, belonging to his wife and son, answered the description as well as the cattle owned by the mortgagor. Contrary to the designation of the place at which the cattle were located in the description in the mortgage, they were in fact removed by the trucker who transported them to Sioux City from a farm known as the Leo Baker place, four miles south of Lynch, Nebraska; in other words, a farm eight miles distant from the one referred to in the mortgage.

We have then before us the question whether as a matter of law the description was sufficient to give notice to the defendant as appellant claims; or whether there was sufficient uncertainty as to make it a jury question as the court held. We think that the trial court took the proper view. We have before us a vague and uncertain description of the animals themselves taken from a larger group, some not owned by the mortgagor which answered the description of those covered. The mortgagor was permitted to testify that he himself could not pick out the cattle from the description. This affords the basis of some argument on the part of appellant but we do not stop to discuss it.

We have the further fact rendering the description uncertain—the location of the cattle on a farm nowhere mentioned in the mortgage and at a distance eight miles from where the cattle were supposed to be. Without entering into an analysis of our many cases on this subject, we call attention to these, which, among others, have held that a jury question is presented under the circumstances here disclosed: Peterson v. Foli, 67 Iowa 402, 25 N. W. 677; Packers Nat. Bank v. Railroad Co., 114 Iowa 621, 87 N. W. 653; Livingston v. Stevens, 122 Iowa 62, 94 N. W. 925; Church v. Brown, 195 Iowa 1112, 193 N. W. 414.

The error in the description in the mortgage before us might well bring it within the principles discussed by Evans, J., and concurred in by Faville, J., in the dissenting opinion

in Wertheimer & Degen v. Schultice, 202 Iowa 1140, 211 N. W. 568. Appellant lays much stress on Wertheimer & Degen v. Parsons, 209 Iowa 1241, 229 N. W. 829, arguing therefrom that it holds as applied to this case that there was no jury question presented and that the court should have sustained its motion to direct. In that decision (we quote from the syllabus which accurately states the case) "the description revealed the particular kind of cattle, their age, average weight, the particular brand thereon, the particular farm where kept, and the particular possessor."

We have recently laid down the general principles governing the sufficiency of a description in a chattel mortgage to impart constructive notice and there is no occasion of extending this opinion. See Producers L. M. Assn. v. Morrell & Co., 220 Iowa 948, 263 N. W. 242, and Strand v. Jones County, 228 Iowa 875, 293 N. W. 477. See also Pierre v. Pierre, 210 Iowa 1304, 232 N. W. 633. While the mortgage under discussion was duly recorded in Boyd county, Nebraska, it is not claimed that the defendant had any actual knowledge of it. Appellant has argued its contentions under different headings in its briefs but they are comprehended in one question, and that is the sufficiency of the description to impart notice under the circumstances disclosed:

Appellee has filed a motion to dismiss and to affirm for the reason that the abstract and the appellant's argument do not comply with our rules. While this is in a sense true, the record is short and the question at issue plain, and we have chosen to decide the question on its merits. The motion is therefore overruled:

On the whole, we are satisfied that when the trial court submitted the case to the jury, it gave to the plaintiff at least all to which it was entitled under the facts before us. The judgment on the verdict is therefore affirmed.—Affirmed.

RICHARDS, C. J., and MILLER, HALE, BLISS, MITCHELL, and HAMILTON, JJ., concur.

STIGER, J., concurs in result.